REGAN, Judge.
The plaintiff, Abraham Jackson, Jr., filed this suit against the defendant, Steve Blackmore, endeavoring to recover the sum of $19,150.00, representing damages for personal injuries and medical expenses which he asserts were incurred as the result of an unjustified physical attack upon him by the defendant.
The defendant answered and merely asserted therein that the plaintiff’s injuries were caused when he defended himself against the plaintiff’s aggression.
From a judgment in favor of the defendant, the plaintiff has prosecuted this appeal.
The record discloses that on Saturday, June 1, 1963, at approximately 7:30 P.M., the plaintiff visited a combination bar and *384 grocery store owned and operated by the Reverend George A. Smith. Prior to his entrance therein, the plaintiff had been visiting in the general neighborhood and conceded in the course thereof that he had consumed two bottles of beer and a drink of Scotch. He explained that while he had money in his pocket since he had been paid that morning, he went to Smith’s establishment to borrow more money merely to ascertain if Smith was a good friend.
When he asked Smith, who was seated behind the bar, for a loan, he referred him to an employee, Daisy Roussel, who refused to lend the plaintiff any money. The plaintiff and Daisy then engaged in an argument, foul language was exchanged, and the plaintiff attempted to go behind the bar, where Smith kept a shotgun. The defendant, who was standing nearby, advised the plaintiff not to walk behind the bar, since he was fearful that a shooting would ensue.
The plaintiff’s brother, Howard Jackson, who was also present during the angry dispute, escorted the plaintiff out of the establishment, and the two of them stopped near the defendant’s automobile, apparently arguing between themselves whether they should proceed home or return to the barroom. The defendant overheard this altercation which obviously prompted him to ask the plaintiff and his brother not to do anything which would damage the glass windows of his automobile. This request again provoked a vile response, and the defendant returned to the barroom.
Some time later, the defendant left the barroom and attempted to enter his automobile. It is at this point in the record that the respective litigants’ versions of what events actually transpired becomes irreconcilable. The plaintiff’s version thereof, which is supported by the testimony of his brother and of his second cousin, Alfred Bailey,[1] is that the defendant, apparently for no cause, walked out of the barroom, • reached into his automobile for a pistol, and struck the plaintiff on the left side of his face.
On the other hand, the defendant’s version of the altercation, which is supported by the testimony of Reverend Smith and Eula Jenkins, a witness who happened to be at the scene, is to the effect that when the defendant emerged from Smith’s establishment, the plaintiff placed one hand on the door of the defendant’s automobile, and he put the other hand in his pocket, he then demanded “some satisfaction” because the defendant had taken Smith’s part when the barroom wrangle occurred.
The defendant testified that in view of the plaintiff’s effort to block his entrance into his automobile and considering the fact that he had placed one hand in his pocket, together with his reputation in the community for being a notorious knife-wielder, he had reason to believe that an attack was imminent and, therefore, he struck the plaintiff with his fist in order to avoid being stabbed.
In addition to the testimony of Smith and Mrs. Jenkins, the defendant’s fear of being stabbed by the plaintiff is to some extent substantiated by the fact that the plaintiff had been sentenced to prison several years before the occurrence of this brawl for cutting a man with a machete, and he had been arrested on at least one other occasion wherein the use of a knife was involved. Moreover, it was stipulated that if the testimony of one Howard Beebe, an investigator attached to the District Attorney’s office in Saint Charles Parish, was offered into evidence, he would testify that the plaintiff’s second cousin, Alfred Bailey, had given him a statement approximately two months after the incident in which he stated that the plaintiff attempted to prevent the defendant from entering his automobile and at the same time reached for a knife, all of which resulted in the defendant’s striking the plaintiff with a gun. *385 However, the evidence adduced herein reveals that a search of the defendant and his automobile disclosed that no gun was on his person or in the vehicle when the fracas occurred.
In any event, we are convinced that if the defendant’s version of the incident is accepted, it would constitute a clear defense to the plaintiff’s suit, since the defendant was simply acting in self-defense against what reasonably appeared to him to be an act of aggression on the part of the plaintiff.
In view of the plaintiff’s propensities and reputation for knife-wielding, we are also convinced that the defendant was justified in acting promptly to repel an act of violence which, once begun, he would probably have been powerless to cope with since he was unarmed.[2]
The foregoing elucidation reveals that only questions of fact were posed for the trial court’s consideration. The judge thereof obviously accepted the defendant’s version of the manner in which the altercation occurred, and, therefore, concluded that the defendant was fully justified in striking the plaintiff.
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ versions of the manner in which the incident occurred. The trial judge accepted the defendant’s version thereof and our analysis of the record convinces us that the evidence preponderates in his favor and the judgment is, therefore, correct.
For the foregoing reasons, the judgment of the lower court is affirmed.
The plaintiff is to pay all costs incurred herein.
Affirmed.

. We shall refer to another aspect of this testimony hereinafter.

. See Smith v. Bankston, 75 So.2d 880 (La.App.1954); Cater v. Travelers Insurance Company, 83 So.2d 514 (La.App.1955); see also Wilson v. Dimitri, 138 So.2d 618 (La.App.1962).