## PIERSON v. STERLING SUGARS, Inc.
### No. 1191.

Court of Appeal of Louisiana. First Circuit.
Oct. 5, 1933.

Pecot & Bauer, of Franklin, for appellant.

Jas. R. Parkerson, of Franklin, for appellee.

ELLIOTT, Judge.

Rose Pierson, acting individually for herself, as widow, and also for the use and benefit of her minor child, Emma Del Pierson, issue of her marriage with Cornelius Pierson, deceased, claims compensation of Sterling Sugars, Inc., at the rate of $4.04 per week for a period of 300 weeks. She alleges that Cornelius Pierson, her husband, an employee of Sterling Sugars, Inc., while performing services arising out of and incidental to his employment in the course of his employers' trade, business, or occupation, was struck on the head by Willie Guy, another employee, with a piece of iron and fatally injured.

The defendant admits that plaintiff's husband was in its employment and was struck by Willie Guy, another employee, and fatally injured, but denies that the injury which her husband sustained arose out of and was incidental to his employment in the course of his employers' trade, business, or occupation, and avers that he was injured in a personal difficulty with said Guy in which plaintiff's husband was the aggressor.

There was judgment in favor of Sterling Sugars, Inc., rejecting her demand. The plaintiff has appealed.

The defense is based on section 28 of the Employers' Liability Act (Act No. 20 of 1914) which provides: 1. "That no compensation shall be allowed for an injury caused by the injured employee's wilful intention * * * to injure another. * * * 2. In determining whether or not an employer shall be exempt from and relieved of paying compensation because of injury sustained by an employee for the causes and reasons set forth in this Section, the burden of proofs shall be upon the employer."

Willie Guy was the only witness to the difficulty between plaintiff's husband and himself. According to him, Cornelius Pierson called him down from his place of work in the sugar house, and when he came, the said Pierson willfully attacked him, struck him with his fist, and then attempted to strike him with a stick; that he picked up a piece of iron and struck back in self-defense under facts and circumstances, which, if true, justify the conclusion that Cornelius Pierson voluntarily quit defendant's work in which he was employed and sought and engaged in a personal difficulty on his own account with said Guy with the willful intention on the part of said Pierson to injure said Guy.

The burden of showing the statutory exemption is upon the defendant, but there is no evidence contrary to the testimony of said Guy, the survivor of the fight. The facts and circumstances brought to light do not tend to negative the testimony of Guy. The lower court in a written opinion says that it believed Guy, and it was in a better position than we are to judge of his credibility.

The plaintiff cites us a number of cases contending that they support her contention and that the defendant has not carried the burden of proof. In every one of the cases cited, the decision was based on the principle that the employee, at the time of the injury, was engaged in the service of his employer and performing service arising out of and incidental to his employment in the course of his employer's business, trade, or occupation. Such was not the situation with plaintiff's husband at the time he was injured. As for the burden of proof, we think the defendant has made good its defense.

The judgment appealed from is correct.

Judgment affirmed.