83 So.2d 514 (1955)
John CATER, Plaintiff-Appellee,
v.
TRAVELERS INSURANCE COMPANY and Remington-Rand, Inc., Defendant-Appellant.
No. 8415.
Court of Appeal of Louisiana, Second Circuit.
November 2, 1955.
*515 Theus, Grisham, Davis & Leigh, Monroe, for appellant.
Campbell & Campbell, Minden, for appellee.
GLADNEY, Judge.
John Cater instituted this suit on March 25, 1954, under the Workmen's Compensation Act, LSA-R.S. 23:1021 et seq., alleging injuries received on April 2, 1953, while employed as a painter for Remington-Rand, Inc. The defendants have appealed from a judgment awarding compensation. In this court, as before the trial court, the sole issues raised by appellants are: (1) Whether or not plaintiff suffered injury as the result of an altercation on April 2, 1953, with his foreman Drew Bridges, and (2) if it be found plaintiff sustained such injury, whether he should be denied compensation because of willful intent to injure Bridges.
The facts disclose that on the above date Drew Bridges criticized Cater for the manner in which he was painting a door, and Cater struck Bridges across the face with a paint brush. It is Cater's testimony he was provoked into striking Bridges because Bridges cursed him and that Bridges then grabbed Cater's arm and both fell to the ground, but were almost immediately separated by one of the supervisors. Shortly afterward Cater was discharged by his employer.
Although plaintiff asserts that his arm was severely wrenched and has constantly caused him pain since the incident with Bridges, he made no complaint of injury to his employer who first received notice of injury when this suit was filed nearly a year later. During this period and up until the date of trial, November 4, 1954, it was testified by plaintiff that he suffered severe pain in his right shoulder and arm which rendered it impossible for him to continue his occupation as a painter and that the pain was such that he could not raise his right arm above his shoulder for any sustained period nor use it in overhead painting. He stated he could not handle his ladder without severe pain but it was necessary for his son to move it for him. He declared his wife had to assist him in putting on and taking off his coat. While on the witness stand he explained that he had declined to shake hands with counsel for defendant because of the pain attendant in doing so.
When the above referred to incident with Bridges occurred, plaintiff was sixty-two years of age. Subsequent to his alleged injury he was examined on May 6, 1953, by Dr. W. R. Garrett of Springhill, by Dr. B. L. Cook of Minden during March, 1954, and by Dr. T. M. Oxford, orthopedic surgeon of Shreveport, on August 20, 1954. With the exception of slight deposits of calcium in the muscles of his shoulders, none of these doctors found any objective symptom to justify plaintiff's complaints. The condition of the calcium deposits appears to have been the same in either shoulder and is not of unusual occurrence in a person of appellee's age. After his separation from Remington-Rand, Inc., plaintiff has been engaged on a number of painting jobs and apparently has been able to sustain his family with the necessities of life from his earnings.
Filed as a part of the record presented to this court are six rolls of motion picture films consisting of pictures taken of plaintiff in June, 1954, while engaged in painting a Standard Oil Company filling station operated by G. G. Bradley at Sarepta. While plaintiff was engaged in painting this building, assisted by his nineteen year old son, without his knowledge the motion picture films were taken of him at labor. It is enough to say that after observing the exhibition of these pictures the members of this court are convinced that plaintiff was not suffering from any disability as a result of pain in his right arm and shoulder. The pictures show Cater moving his ladder from *516 one position to another without noticeable handicap and painting above his head with his right arm without apparent limitation. It is impossible to see these pictures and reach any conclusion other than that Cater has not sustained disability to his right arm or shoulder compensable under the Employers' Liability Act.
Appellant argues also that Cater should be denied compensation because of intent to willfully injure Bridges. This defense is based on LSA-R.S. 23:1081, which reads:
"No compensation shall be allowed for an injury caused (1) by the injured employee's wilful intention to injure himself or to injure another, * * *."
Since this is an affirmative defense it must be clearly established and the burden of proof rests upon the proponent, appellant herein. Conley v. Travelers Insurance Co., La.App.1951, 53 So.2d 681.
Cater testified he was provoked into striking the only blow of the fight when Bridges cursed him, saying: "You God damned old gray headed hair-lipped son of a bitch, I'm going to run you offhow do you like that?" Bridges denies using any such language. Neither of said parties is corroborated by an eye witness. The testimony of Cater is supported to some extent by George A. Mattox and Beverley Burton, each of whom related that immediately preceding the occurrence between Bridges and Cater, Bridges declard in effect that he was going down to give Cater a strong tongue-lashing. Furthermore, it seems reasonable to infer Cater would not have struck Bridges in the face with a paint brush without great provocation.
The same rule for determining the aggressor in an affray as applied in tort and criminal cases has been adopted as the standard for application of LSA-R.S. 23:1081, quoted above. Gross v. Great Atlantic & Pacific Tea Co., La.App.1946, 25 So.2d 837. The general rule in tort cases is that a plaintiff may recover in an action for an assault and battery committed upon him without legal excuse, unless he provoked the difficulty by conduct calculated to arouse the resentment or fears of the defendant. See: Smith v. Bankston, La.App. 1954, 75 So.2d 880-882, and authorities cited therein. In Smith v. Parker, La.App. 1952, 59 So.2d 718, this court recognized the rule to be in Louisiana that provocative words alone may be pointed to as justification for a battery, provided these words were such that under the circumstances it should reasonably be expected to produce physical retaliation.
Admittedly, Cater's only justification for striking Bridges rests on the provocative words allegedly used by Bridges. If such words were directed to plaintiff, under the authorities herein cited, we must concede Cater was justified in striking the first blow and compensation could not be denied for that reason. Conversely, had defendant established by a preponderance of the evidence the assault was made without just provocation, plaintiff would have forfeited any right to compensation. The evidence, however, does not warrant a finding that Cater was the aggressor and committed a battery upon the person of Bridges without lawful justification. Therefore, the special defense must fail.
It is our opinion that plaintiff has failed by a preponderance of the testimony to show that he received disabling injuries on April 2, 1953, which entitle him to an award of compensation. The judgment from which appealed will, therefore, be annulled, reversed and set aside and it is now ordered that plaintiff's demands be rejected at his cost.