GLADNEY, Judge.
Frank Velotta instituted this direct action against a workmen’s compensation insurer as the result of injuries received in the course of his employment on August 29, 1958, while employed as a janitor for the Washington-Youree Hotel in Shreveport. After trial there was judgment awarding plaintiff compensation for the duration of disability not to exceed 400 weeks. Liberty Mutual Insurance Company, the defendant insurer, has appealed. *446 The. appellant assigns two errors to the judgment complained of, first in not holding plaintiff should be deprived of benefits under the Workmen’s Compensation Act by-reason of LSA-R.S. 23:1081(1) forasmuch as he precipitated the altercation which resulted in his injuries; and secondly, in finding plaintiff was disabled as of the date of trial.
The facts are not seriously controverted. The plaintiff, a 58 year old white male, had been in the employ of the hotel for approximately 8 years, his primary duties being the maintenance of white and colored employees’ dressing rooms and rest rooms. On the above-mentioned date plaintiff was so engaged, cleaning the colored employees’ locker room, when Eli Bailey, one of the colored employees, was changing clothes. Bailey had some dirty clothes which he desired to deposit in the clothes cart which Velotta usually provided for that purpose, and to that end Bailey stated: “Mr. Shorty, is your buggy outside the door?” To this Velotta replied: “Don’t call me no Shorty, boy.” Then Bailey countered: “I won’t call you no Shorty if you don’t call me no Boy.” At the time three other employees of the hotel were present. Plaintiff was a small individual weighing about 120 pounds, and was 5 feet 2 inches in height. Bailey, on the other hand, was about 6 feet tall and weighed 150 pounds or more. Following the last remark by Bailey, Velotta approached Bailey and swung a pair of trousers which he was carrying, so that they struck Bailey across the face, whereupon the latter hit Velotta in the face with his fist, causing him to fall to the floor and strike his head against a locker and the floor. All of the witnesses present verified substantially the aforementioned account of the affray, the statement of which is not expressly denied by plaintiff.
As a result of the blow, Velotta was rendered unconscious for a period of several minutes and then taken to the hospital where he came under the treatment of Dr. James H. Eddy, Jr. A medical examination revealed a scalp laceration, a moderate cerebral concussion or contusion, and a simple linear fracture of the skull. Dr. Eddy reported that when first admitted to the hospital Velotta was irrational, antagonistic and hard to control, but he appeared to improve and after three days he was removed to his sister’s home. About a week later he was re-admitted to the hospital where he remained an additional two weeks. It was Dr. Eddy’s final opinion that although plaintiff was definitely confused and undoubtedly suffered from a mental deficiency, that this condition was not related to the accident. The hotel manager testified to the effect the employee was illiterate and that he had on several previous occasions been engaged in minor “flare-ups” with his fellow employees. The members of Velotta’s family, his sister, brother and sister-in-law, testified that following Velotta’s release from the hospital he has never attained complete recovery, that he has an inability to arrange his thoughts in an orderly fashion, and suffers from lapses of memory and diminution in his sense of balance.
Plaintiff was examined by Dr. C. H. Potts on December 2, 1958, Dr. W. J. Hill, Jr., on April 20, 1959, and by Dr. H. K. Fa-ludi, a neurosurgeon, on October 5, 1959. He was also re-examined by Dr. Eddy on February 6, 1959. There was some conflict in the medical testimony as to whether the accident had caused a brain injury which prevented plaintiff from returning to his work. This question was resolved by the trial court in favor of the plaintiff.
In the trial court and. again on this appeal appellant strongly urges that plaintiff should be denied workmen’s compensation by reason of the provisions of LSA-R.S. 23:1081(1), which reads:
“No compensation shall be allowed for an injury caused (1) by the injured employee’s wilful intention to injure himself or to injure another ^ * * »
And the second paragraph of that section provides:
*447 "In determining whether or not an employer shall be exempt from and relieved of paying compensation because of injury sustained by an employee for the causes and reasons set forth in this Section, the burden of proof shall be upon the employer.”
This statutory provision received careful consideration in Gross v. Great Atlantic & Pacific Tea Company, La.App.Orleans, 1946, 25 So.2d 837, 838. Therein a situation somewhat similar to the one presented here confronted the court, and the above-quoted provision of the Workmen’s Compensation Statute was invoked by way of defense. Pertinent facts disclosed the employees of Great Atlantic & Pacific Tea Company had been questioned relative to the disappearance of a case of sardines and none of the workers volunteered any information about the shortage. One of the employees addressed the plaintiff, David Gross, remarking: “Dave, since nobody didn’t admit to eating the sardines, I guess you must have ate them”, whereupon Gross slapped his accuser in the face. The latter then proceeded to strike the plaintiff with a piece of iron which crashed his hand. Judge Janvier, after reviewing the greater part of the Louisiana jurisprudence in which provocation was urged as a defense, stated the Louisiana rule to be:
“ * * * that provocative words may be pointed to as justification for an assault provided those words were such that under the circumstances it should have been assumed that physical retaliation would be attempted. * * * »
The court also stated:
“Still, however slight an injury a slap in the face may cause, it may cause an injury of some kind and it is certainly calculated to start an encounter from which injury to some one is likely to result. And that is what the framers of the act had in mind when they inserted that defense. They no doubt felt that if an employee should wilfully do anything calculated to lead to injury to himself or to some one else, he should not recover if he, himself, should sustain the injury.”
In resolving the case it was held that the first act of violence was the slap in the face which Gross administered and since that first act was committed by Gross, himself, he could not recover. The court thus applied the provisions of LSA-R.S. 23:1081(1) and denied the employee workmen’s compensation.
This court had occasion to consider the same issue in Cater v. Travelers Insurance Company, La.App. 1955, 83 So.2d 514, which case is strongly relied upon by the plaintiff herein. The decision is not authority for plaintiff. We held Cater was justifiably provoked into slapping Bridges across the face with a paint brush because of certain words, the use of which from common knowledge we know to be more often than not, “fighting words”. The ruling was in line with the rulings in Smith v. Parker, La.App. 1 Cir., 1952, 59 So.2d 718 and Smith v. Bankston, La.App. 1 Cir., 1954, 75 So.2d 880.
In the instant case, however, there is no evidence that the employee, Bailey, addressed Velotta in such a manner as would have been calculated to arouse resentment of a normal and reasonable person. Apparently Bailey had called Velotta “Shorty” or “Mr. Shorty”, which, of itself, is not an uncommon name. Certainly, this language was not justification for striking Bailey across the face with a pair of pants, which act apparently was done in the heat of anger, as several employees present testified that before the blow was struck both participants had raised their voices.
The defense herein made is an affirmative defense and under the express provisions of the above-mentioned statute, the burden of proving such defense rests upon the employer. We think, unquestionably, the defense has been fully established and must be sustained.
*448 For the foregoing reasons the judgment from which appealed is annulled, reversed and set aside, and it is now ordered that there be judgment in favor of defendant, rejecting plaintiff’s demands at his cost.
Rehearing denied; BOLIN, J., dissents.