SUMMERS, Justice.
 

 On August 29, 1958, Frank Velotta was employed by the Washington-Youree Hotel of Shreveport, Louisiana, as a janitor. Prior to and on August 29, 1958, Liberty Mutual Insurance Company was the Louisi
 
 *817
 
 ana Workmen’s Compensation insurer of Velotta’s employer.
 

 This suit was instituted by Frank Velotta •directly against the insurer,
 
 [1]
 
 contending that he is totally and permanently disabled as the result of an accident sustained in the •course and scope of his employment on August 29, 1958; it being contended that on such date Frank Velotta was assaulted unjustifiably and without provocation by a fellow employee, a Negro known to the •claimant only as “Bailey.” Bailey struck plaintiff with great force with his fist and, ■as the result, Velotta was knocked to the floor and against a metal locker or bench •sustaining, among other injuries, a brain •concussion and contusion which it is contended caused total and permanent disability. Liberty Mutual Insurance Company filed an answer admitting that there had been an altercation between the employees, Velotta and Bailey, which occurred in the basement of the hotel while Velotta was engaged in the course and •scope of his employment. The defendant insurer, however, denied that plaintiff was totally and permanently disabled and also •set up the affirmative defense that the sole and proximate cause of the altercation was words or actions of plaintiff, Velotta, and that he was therefore barred from recovery under the Workmen’s Compensation Act by virtue of the terms of LSA-R.S. 23:1081 which provide that no compensation shall be allowed for “injury caused (1) by the injured employee’s wilful intention to injure himself or to injure another. * * * ”
 

 By stipulation the trial below was confined to these two issues and judgment was rendered in favor of plaintiff. The Court of Appeal reversed the lower court, holding that the affirmative defense had been satisfactorily established and that the injury to Velotta and disability, if any, was caused by the wilful intention of Velotta to injure another. See 126 So.2d 445. It was not, therefore, necessary to adjudicate the question of the nature or extent of the disability resulting from the injury.
 

 The issue presented concerns the interpretation of the special defense provided for by the quoted provisions of LSA-R.S. 23:1081. It is to be observed that in determining whether an employer shall be exempt from and relieved of paying compensation because of injury caused by the injured employee’s wilful intention to injure himself or to injure another, the burden of proof is upon the employer. LSA-R.S. 23:1081.
 

 The defendant insurer sought to discharge the burden with which it was charged in this case. We understand the following to be a summary of the facts:
 

 Velotta, a white man, is five feet six inches in height, weighing on the date in question approximately one hundred
 
 *819
 
 pounds, and being then fifty-eight years of age. Bailey, a Negro, by contrast, was nineteen years of age, six feet tall and weighed between one hundred fifty to one hundred eighty pounds. Velotta was occupied with his duties in cleaning the basement or locker room where employees changed uniforms. Bailey entered the locker room and while changing clothes called out to Velotta referring to him as “Shorty” or “Mr. Shorty,” “Where is your buggy ? ” — having reference to a basket or buggy used to store dirty clothes. Whereupon Velotta replied, “Don’t call me Shorty, boy.” Bailey then countered, “I won’t call you Shorty if you don’t call me boy.” Both participants raised their voices in an angry manner during the exchange. Velotta then immediately and impulsively either threw or swung a pair of trousers at Bailey, striking him about the face, without causing injury, and Bailey lashed back with his fist, striking Velotta violently on the jaw, knocking him headlong, his head striking the floor and a locker or bench with the resulting injuries.
 

 In considering such cases, where the injury results out of and in the course and scope of employment, it is to be presumed that the. injury is compensable until the employer, charged with sustaining the proof necessary to support the special defense made available to him by statute, has met the burden required. The requirement of the statute setting forth the proof necessary for this special defense is a stern one, for “wilful intention to injure” undoubtedly was added to the Workmen’s. Compensation Act to support the generally prevailing belief that no person should be-rewarded for injuries which flow from his-criminal conduct of a serious and wilful nature.
 
 [2]
 
 However, it is not indicated that making this special defense available to the employer should have the effect of permitting the employer to avail himself of the-defenses of contributory negligence, fault or misconduct, for it was one of the primary purposes of this legislation to eliminate the defenses ordinarily invoked in tort actions. A proper statement of the view adopted by some courts concerning the language in question is contained in the Law of Workmen’s Compensation by Arthur Larson, Vol. 1, Sec. 11.15(d) as follows:
 

 “The words ‘wilful intent to injure’' obviously contemplate behavior of greater gravity and culpability than-the sort of thing that has sometimes, qualified as aggression. Profanity,, scuffling, shoving, rough handling or other physical force not designed to inflict real injury do not seem to satisfy this stern designation. Moreover, as is shown in the later discussion of the wilful misconduct defense, the adjec
 
 *821
 
 tive ‘wilful’ rules out acts which are instinctive or impulsive, so that even violent blows might fail to give rise to this defense if they were spontaneous and unpremeditated.”
 

 See, also, 99 C.J.S. Workmen’s Compensation § 264; 58 Am.Jur., Workmen’s Compensation, Sec. 200.
 

 Under the doctrine of liberal interpretation which favors the employee this special defense, which would, if sustained, deprive an employee of compensation otherwise due, should most assuredly be strictly construed against the employer.
 

 The appellate courts of this State in many instances have heretofore based their decisions interpreting this provision of the Compensation Act on the aggressor doctrine, generally denying recovery to the injured employee who provoked the assault which resulted in his injury.
 
 [3]
 
 Although the results reached in these cases would not necessarily be erroneous, it would appear that the statutory provision involved does not require a resort to doctrines not there enunciated. The inquiry, under the mandate of the statute, it appears to us, should be limited to whether the employee’s injury resulted from the employee’s wilful intention to injure himself or another. Impulsive conduct, such as a push, shove, or a fist-blow, does not render the conduct of the employee sufficiently serious or grave, and there is no wilful intention to injure one’s self or another under such circumstances.
 
 [4]
 
 The mere fact that the employee seeking recovery may have been to blame for the fray is not adequate to meet the test — there must be more. Johnson v. Safreed, 224 Ark. 397, 273 S.W.2d 545. The test should involve an inquiry into the existence of some premeditation and malice on the part of the claimant, coupled with a reasonable expectation of bringing about a real injury to himself or another. If the retaliation which flows from his misconduct is not such as could be reasonably expected, his intention could not be held to envision that result and hence is not within the purview of the quoted provisions of the Act.
 

 The defense the employer is entitled to invoke is a statutory one expressed in language that is clear and unmistakable and the superimposing of another doctrine, “aggressor” or otherwise, is not considered appropriate. Hartford Acc. & Ind. Co. v. Cardillo, 72 App.D.C. 52, 112 F.2d 11.
 

 It is clear that the action of Velotta here could certainly not be classified as both
 
 *823
 
 premeditated and tinged with some degree of malice, which “wilful intention” as used in the statute seems clearly to imply. It appears instead that his actions were impulsive or the result of an instinctive act— the opposite of intentional or premeditated ■ — and hence not “wilful.” In the relationship between fellow employees, it is inevitable that their emotions will cause friction between them; and if on such occasions impulsive action provokes retaliation which causes injury, that impulsive action should not preclude the assertion of a claim under the Act. The use of the word “Shorty” by Bailey in referring to Velotta, a much older man, gave normal cause for resentment, not only in the ridicule implied in the appellation itself, but, it is not unreasonable to assume, in the tone and manner of its use, and in its source, coming from a young Negro and directed to a much older white man. Therefore, when Velotta responded as he did, his actions did not manifest “wilful intention” to injure another, although those actions may not have been entirely blameless under the circumstances. The question is not one of comparative fault between Velotta and Bailey; our inquiry is whether Velotta’s actions were of such a nature that the Compensation Act would deny him the broad coverage of its provisions. The fundamental policy of the Act in departing from fault as a basis of liability and of defense, except as specified therein, is inconsistent with any notion that recovery is barred by misconduct, fault, negligence or illegality, which amounts to no more than impulsive, emotional misconduct growing out of the duties of the employment and the incidental and necessary relationship to other employees. Hartford Accident & Indemnity Co. v. Cardillo, supra.
 

 We conclude, therefore, that the Court of Appeal erred in denying recovery to Velotta, and the judgment of the Court of Appeal is reversed. In view of the fact that the Court of Appeal did not determine the' question of disability this case is remanded to that Court for determination of that issue. Defendant to pay all costs of the-proceedings in this Court, all other costs, to await the final determination of this, cause.
 

 HAWTHORNE, J., does not participate.
 

 [1]
 

 . Act 55 of 1930, LSA-R.S. 22:655.
 

 [2]
 

 . Louisiana Workmen’s Compensation Law and Practice, by Wex S. Malone, Copyright 1951, See. 345, p. 457.
 

 [3]
 

 . Landry v. Gilger Drilling Co., La.App., 92 So.2d 482; Cater v. Travelers Ins. Co., La.App., 83 So.2d 514; Gore v. Haynes, La.App., 27 So.2d 915; Gross v. Great Atlantic & Pacific Tea Co., La.App., 25 So.2d 837; Pierson v. Sterling Sugars, Inc., La.App., 149 So. 903; Garrett v. Texas Light & Power Co., 19 La.App. 858, 141 So. 809.
 

 [4]
 

 . Assault and Horseplay under Workmen’s Compensation Laws, 41 Ill.L.R. 311.