225 So.2d 96 (1969)
Wilford F. St.PIERRE, Plaintiff-Appellant,
v.
BAIFIELD INDUSTRIES, INC., Defendant-Appellee.
No. 11240.
Court of Appeal of Louisiana, Second Circuit.
June 26, 1969.
Hal V. Lyons, Shreveport, for appellant.
Lunn, Irion, Switzer, Johnson & Salley, Shreveport, for appellee.
Before GLADNEY, BOLIN and DIXON, JJ.
BOLIN, Judge.
Wilford F. St.Pierre sues his employer, Baifield Industries, Inc., under the Workmen's Compensation Statute, for loss of wages and for medical expenses incurred for injuries allegedly resulting from an altercation with David Arnold, a fellow employee. From judgment rejecting plaintiff's demands he appeals.
There is some discrepancy in the testimony as to the events leading up to the fray between St.Pierre and Arnold. We find the facts to be as follows: St.Pierre was employed by Baifield as operator of a lathe machine. David Arnold was his immediate supervisor. St.Pierre was having difficulty with his machine and complained to Arnold that it was producing too many rejects. He testified he asked Arnold to take him off the machine and they mutually agreed to go to the office of their foreman, Kenneth Clark, to discuss the problem with him. Clark's office was approximately 150 feet from the machine operated by St.Pierre. There was no misunderstanding or harsh words between St.Pierre and Arnold up to this point and they walked the distance to Clark's office without incident.
Clark was seated behind a desk and in the room with him was Robert W. Jacobson, another employee of Baifield. Arnold told Clark that St.Pierre should be moved to another machine as he was producing too much "scrap" on the one he operated. Clark instructed Arnold to go back to the *97 building from whence he had come and that he would handle the matter. There were no angry words spoken between St. Pierre and Arnold during their conversation with Clark. As Arnold turned to leave Clark's office St.Pierre followed, threatening and cursing him.
Clark and Jacobson, who could observe through two large plate glass windows, testified St.Pierre followed Arnold several steps beyond the door of Clark's office, drew his arm back with his fist clenched and appeared about to strike Arnold when Arnold turned and threw his left hand and arm up to ward off the blow. Arnold's left hand struck St.Pierre in the face, causing him to fall and inflicting the injuries resulting in the expenditure of $659.15 for medical expenses made the basis of this suit.
Baifield's defense if predicated on La.R. S. 23:1081, the pertinent part of which is:
"No compensation shall be allowed for an injury caused (1) by the injured employee's wilful intention to injure himself or to injure another."
St.Pierre contends he had no willful intent to injure Arnold but that he impulsively followed Arnold from the office in an effort to obtain an explanation of the latter's remarks to Clark. He testified he "hollered" at Arnold to come back and Arnold turned around and hit him. St.Pierre denied having his fist clenched or intending to hit Arnold.
We find the evidence supports Arnold's version that St.Pierre followed him from Clark's office cursing and threatening him and that St.Pierre was in the act of striking him with his fist when Arnold turned to defend himself. In this connection it should be noted Arnold, Clark and Jacobson were not employed by Baifield at the time of trial and they could not be classified as interested witnesses. The issue, therefore, is whether, under this finding, St.Pierre's actions amounted to a "wilful intention to injure himself or to injure another".
The case of Velotta v. Liberty Mutual Insurance Company, 241 La. 814, 132 So.2d 51 (1961), involved injuries resulting from an altercation between two employees. Velotta was a 58-year-old man weighing approximately 100 pounds. He was cleaning the locker room in a Shreveport hotel where employees usually changed their uniforms. He got into an argument with Bailey, a 19-year-old man weighing between 150 and 180 pounds. Velotta impulsively swung a pair of trousers striking Bailey in the face but causing no injury. Bailey, in turn, struck Velotta violently on the jaw with his fist, knocking him against a locker and causing serious head injuries. The court thoroughly reviewed the prior jurisprudence and held the defense which the employer is entitled to invoke is a statutory one, expressed in explicit language, and imposition of the "aggressor" doctrine is inappropriate. The true test is whether the employee's injury resulted from the employee's willful intention to injure himself or another. The fact that the injured employee may have been to blame for the fray is not sufficient to deny him recovery. In the course of its opinion the court said:
"* * * The test should involve an inquiry into the existence of some premeditation and malice on the part of the claimant, coupled with a reasonable expectation of bringing about a real injury to himself or another. If the retaliation which flows from his misconduct is not such as could be reasonably expected, his intention could not be held to envision that result and hence is not within the purview of the quoted provision of the Act."
There have been several cases decided since Velotta which have commented upon its holding. In Garner v. Avondale Marine Ways Inc., 134 So.2d 703 (La.App. 4 Cir.1961) and in Relish v. Hobbs, 188 So. 2d 479 (La.App. 3 Cir. 1966) writ den., the injured employees were denied recovery under facts similar to those in the instant case.
*98 Applying the test as set forth in Velotta we find St.Pierre's actions showed an intentional and deliberate act on his part which could reasonably be expected to bring about serious injury to himself or another. For this reason the lower court was correct in upholding Baifield's special defense and dismissing the employee's claim under the Workmen's Compensation Act.
The judgment is affirmed at appellant's cost.
GLADNEY, J., dissenting, being of the opinion that the employee is entitled to workmen's compensation.