LeSUEUR, Judge.
The plaintiff in this action damaged his left wrist in March of 1967 while working for Menge as a painter. The damage, which was serious, was caused by a concrete nail discharged from a “ram-set gun” and driven through the wrist joint.
*712 The injury created an unhappy though not uncommon medical problem. Short of fusion, the joint remained unstable and acutely painful. Fusion on the other hand meant stiffness and loss of function. The treating surgeon chose to fuse the wrist in a neutral position and it is, as it must be, frozen in that position.
The defendants paid maximum workmen’s compensation benefits for some 55 weeks, reducing payments to $19.70 each week (a permanent partial benefit) upon discharge by the treating physician. This reduction led to this suit.
The trial judge concluded that the plaintiff was totally and permanently disabled and entered an appropriate decree. The defendants have appealed.
In passing, the defendants deny that the accident was compensable, alleging that Mr. Lamonte injured himself while attempting to prove that the gun could not be discharged by accident because of its design. The denial seems without merit.
In the first place, the trial judge chose to vest greater credibility in Mr. Lamonte and in his evidence as to how the accident occurred. We see no manifest error in that determination. In the second place, the facts alleged by the defense, even if true, would not in our view satisfy the requirements of “willful intention to injure” imposed by LSA-R.S. 23:1081, and by the decision of the Supreme Court in Velotta v. Liberty Mutual Insurance Company, 241 La. 814, 132 So.2d 51 (1961).
Many of these considerations bear upon the second and final basis for the appeal, the contention that the plaintiff’s residual injuries have not left him permanently and totally disabled as those terms are used within the Act. Here again, the trial judge respected the credibility of Mr. Lamonte’s testimony on disability and chose to accord greater weight to the testimony of Dr. Levy than to that of Dr. Accardo, albeit that Dr. Accardo was the treating physician. Once more, we see no manifest error in these determinations.
Moreover, we are concerned that the medical evidence, in any perspective, will support the trial court’s conclusion that Mr. Lamonte cannot return to his occupation without substantial pain. We must also consider that Mr. Lamonte, a man in a specialized trade, is no longer competitive in the relevant labor market, which is to say that his chances of securing the kind of employment he previously held are slim at best. These findings amply support the decree reflecting permanent total disability. Brannon v. Zurich General Accident & Liability Ins. Co., 224 La. 161, 69 So.2d 1 (1953); Lawless v. Steel Erectors, Inc., 254 La. 37, 222 So.2d 849 (1969); Smith v. Travelers Insurance Company, La.App., 174 So.2d 241 (3rd Cir. 1965); and Occhipinti v. Marquette Casualty Company, La.App., 158 So.2d 389 (3rd Cir. 1963).
Accordingly, the judgment of the trial court is affirmed.
Affirmed.