GULOTTA, Judge.
Plaintiff appeals from the dismissal of his workmen’s compensation suit for disability from injuries sustained in a fight with a company superintendent which occurred on the work grounds during working hours. According to the claimant, he was punched by his employer and sustained face, neck and elbow injuries and suffered disfigurement because of the loss of dentures broken in the fight.
In written reasons for judgment, the trial judge stated:
“Plaintiff was not working on the day of the accident. Further, he had no intention of working that day, as he reported without his hard hat and work shoes.
*50 “The accident did not happen within the course and scope of the Plaintiff’s employment.
“There will be judgment accordingly.”
On the morning of the fight, shortly after 6:00 a. m., the commencement time of his work day, plaintiff, a steel tier on a construction job, complained to a company foreman of the discrepancy in his paycheck between the number of work hours and the amount of the check. A factual dispute exists whether plaintiff had begun work on the day of the incident. According to plaintiff, he had reported for work on the morning of the fight and had commenced work before discussing the pay discrepancy and thereafter becoming involved in a fight with the superintendent over the matter. Defendants’ version is that plaintiff had not begun the work day but that he had come to the work premises specifically to make a complaint about the pay discrepancy, with no intention of working on that particular day. According to the employer, the fact that plaintiff was not wearing the required hard hat and work shoes is supportive of this contention. Based on this reasoning, the trial judge concluded the accident did not arise out of and occur in the course of plaintiff’s employment. See LSA-R.S. 23:1031. We are not in agreement with the legal reasoning advanced by defendants and invoked by the able trial judge.
The meanings of the phrases “arising out of” and “in the course of” employment, as used in LSA-R.S. 23:1031, are discussed in Lisonbee v. Chicago Mill and Lumber Company, 278 So.2d 5 (La.1973). The court stated:
“An accident occurs during the course of the employment when it occurs during the time of the employment and at a place contemplated by the employment. $ $ *
U * * ‡
“To ‘arise out of’ the employment, the accident must be the result of some risk to which the employee is subjected in the course of his employment and to which he would not have been subjected had he not been so employed. * * * ”
Significantly, the court further observed that “[t]he two requirements cannot, however, be considered in isolation from each other” and that the question whether an injury falls within the statute “cannot be decided by phrases” but only from the facts of each case.
Applying these guidelines to our case, it is clear that the dispute and ensuing fight arose out of plaintiff’s employment. The altercation between the employee and the superintendent was in reference to the employee’s paycheck. The more serious problem is whether or not the injuries were sustained “in the course of” that employment.
In Carter v. Lanzetta, 249 La. 1098, 193 So.2d 259 (1966), the Louisiana Supreme Court allowed coverage where an employee was injured on leaving the place of employment approximately 20 or 30 minutes after working hours when she lost her footing on the cement step adjoining the front door of the work premises. In Singleton v. Younger Brothers, Inc., 247 So.2d 273 (La.App. 4th Cir. 1971), writ denied, 259 La. 59, 249 So.2d 202 (1971), we concluded that the employee was in the course of his employment although injured on the work premises while engaged in horseplay on his day off, but while waiting for his paycheck. This court, likewise, in Serean v. Kaiser Aluminum & Chemical Corporation, 277 So.2d 732 (La. App. 4th Cir. 1973), permitted recovery to an am employee who was injured while alighting from his automobile in the employer’s parking lot approximately 45 minutes before the commencement of the 7:00 a. m. work shift. In a comparatively recent case of Huett v. Insurance Company of North America, 329 So.2d 222 (La.App. 4th Cir. 1976), writ denied, 332 So.2d 863 (La.1976), we again allowed recovery to an employee who was injured on the work premises but while leaving to enjoy a lunch hour.
Plaintiff testified that he had started working on the morning of the incident before complaining about the paycheck and was advised by the foreman to stop working until the matter could be resolved. Though the foreman stated that plaintiff *51 was not wearing a safety hat or work shoes, there is no indication in the record that these articles were not on the job site or unavailable to plaintiff. Because the argument and following fight occurred on the work premises, during working hours, and arose out of a dispute concerning the employee’s pay, we conclude that the injuries sustained by plaintiff occurred “in the course of” his employment.
Defendants contend, however, the employee is excluded from coverage under LSA-R.S. 23:1081 which, in pertinent part, provides:
§ 1081. Deliberate or wilful injuries, etc.; defenses; burden of proof
“No compensation shall be allowed for an injury caused (1) by the injured employee’s wilful intention to injure himself or to injure another, or . . . ”
According to defendants, because plaintiff was the aggressor and precipitated the fight and injury, he is not entitled to recover under this exclusionary provision. We do not agree.
In determining whether or not an employer will be exempt from paying compensation under this section, the “burden of proof shall be upon the employer”. LSA-R.S. 23:1081. Furthermore, the Louisiana Supreme Court in the landmark case of Velotta v. Liberty Mutual Insurance Company, 241 La. 814, 132 So.2d 51 (1961), set forth the evidentiary requirements for invoking the LSA-R.S. 23:1081 exclusion from coverage. The court stated at page 54:
“ * * * Impulsive conduct, such as a push, shove, or a fist-blow, does not render the conduct of the employee sufficiently serious or grave, and there is no wilful intention to injure one’s self or another under such circumstances. The mere fact that the employee seeking recovery may have been to blame for the fray is not adequate to meet the test— there must be more. Johnson v. Safreed, 224 Ark. 397, 273 S.W.2d 545. The test should involve an inquiry into the existence of some premeditation and malice on the part of the claimant, coupled with a reasonable expectation of bringing about a real injury to himself or another. * * ” (footnote deleted)
When we apply the Velotta test to the facts of our case, we conclude the employer failed to carry successfully the burden of showing that there existed on the part of the employee “some premeditation and malice . . coupled with a reasonable expectation of bringing about a real injury to himself or another”. In our case, both parties involved in the fight testified that the discussion relating to the pay discrepancy had led to louder talk, followed by argument resulting in the fight. However, there is a conflict in the testimony of the combatants regarding who was the aggressor. Plaintiff claims that the superintendent punched him and that they wrestled on the ground for a few minutes. The employer, on the other hand, claims that he had turned away from plaintiff intending to withdraw from the discussion whereupon the employee came toward him at which time he put up his arms to defend himself and the pushing, shoving and wrestling resulted. According to the employer, no punches connected in the scuffle.
Whether or not we accept plaintiff’s or defendants’ version of the occurrence, it is clear that the employee’s conduct, at work, was “impulsive” but did not constitute “premeditation and malice”. Under these circumstances, an employee cannot be excluded from coverage under LSA-R.S. 23:1081.
The cases relied on by the employer, where the LSA-R.S. 23:1081 exclusion was evoked, are all factually distinguishable.[1] Accordingly, we hold plaintiff is not excluded from coverage under the statute.
*52 Because, however, the record is devoid of any evidence of plaintiff’s disability or loss of work due to any disability, plaintiff is not entitled to recover any weekly workmen’s compensation benefits. No showing was made by plaintiff, as claimed, of disfigurement or impairment of the use of a physical function. Accordingly, plaintiff is not entitled to weekly benefits sought under LSA-R.S. 23:1221(4)(p). There does exist evidence in the record, however, that as a result of the fight plaintiff sustained the loss of an upper denture and damage to a lower denture requiring replacement at a cost of $650.00 and an additional $70.00 expense for dental consultation, x-rays and reports. This medical evidence was undisputed. Plaintiff is entitled to recovery of this amount under LSA-R.S. 23:1203.
Accordingly, the judgment dismissing plaintiff’s suit is reversed. Judgment is now rendered in favor of plaintiff and against defendants for medical costs amounting to the sum of $720.00. Costs to be paid by defendants.

REVERSED AND RENDERED.

. Garner v. Avondale Marine Ways, Inc., 134 So.2d 703 (La.App. 4th Cir. 1961); St. Pierre v. Baifield Industries, Inc., 225 So.2d 96 (La.App. 2d Cir. 1969); Relish v. Hobbs, 188 So.2d 479 (La.App. 3d Cir. 1966), writ refused, 249 La. 737, 190 So.2d 242 (1966); Armstrong v. Jefferson Disposal Company, 258 So.2d 213 (La.App. 4th Cir. 1972), writ refused, 261 La. 532, 260 So.2d 318 (1972).