J^PICKETT, Judge.
The plaintiff, Ronald D. Demeritt, brought suit against defendant, Bayou Heritage Motors, claiming that defendant was vicariously hable for the injuries plaintiff had received in an altercation with a co-employee, Caldwin Fontenot. The civil trial court rendered judgment in favor of defendant, finding that plaintiff was the initial aggressor, and thus was not entitled to recover tort damages. Plaintiff appealed and this court affirmed the trial court’s decision. Plaintiff applied to the Supreme Court for supervisory writs, which were denied on February 6, 1998. At this time, the judgment in favor of defendant became final. As a result, defendant terminated payment of workers’ compensation benefits to plaintiff in reliance on the civil trial court’s determination that 1 ¡¡plaintiff had been the initial aggressor, which is a statutory defense to workers’ compensation claims. Plaintiff filed suit in the Office of Workers’ Compensation to have his workers’ compensation benefits reinstated. The hearing officer reserved for trial the question of whether Fontenot’s words were sufficient provocation to justify plaintiffs battery on Fontenot. Following the workers’ compensation hearing, Judge Sharon Morrow found that Fontenot’s words were “provocation” and that the initial aggressor defense was inapplicable. As a result, the trial court ordered that defendant indemnify plaintiff for all past due indemnity benefits and accrued medical expenses from the date those benefits were terminated. For the following reasons expressed below, we affirm.
FACTS
The plaintiff, Ronald D. Demeritt, was a partially disabled veteran recuperating from neck surgery when he was involved in an altercation with a fellow employee, Dale Fontenot, while working at Bayou Heritage Motors, on October 27, 1993. On this day, plaintiff asked Fontenot, his subordinate to perform some work on a customer’s vehicle. Agitated by this request, Fontenot sought out plaintiff in the parts room at Bayou Heritage Motors, approached within inches of plaintiff, shook his finger in plaintiffs face, and said, “What the f__ you think you doing to me?” As Fontenot continued his verbal assault, plaintiff struck Fontenot. Fonte-not responded in kind and injured plaintiff. As a result of these injuries, defendant instituted payment of workers’ compensation benefits to plaintiff.
OPINION
The issue on appeal is whether defendant’s assertion of the statutory Ldefense of the Workers’ Compensation Act defeats plaintiffs claim that he is entitled to workers’ compensation benefits. Defendant claims that the plaintiff is not entitled to benefits pursuant to the Work *954 ers’ Compensation Act provision La.R.S. 23:1081, which states in pertinent part:
Defenses.
(1) No compensation shall be allowed for an injury caused:
(d) to the initial physical aggressor in an unprovoked physical altercation, unless excessive force was used in retaliation against the initial aggressor.
While defendant claims that the sole question before this court is to interpret the term “unprovoked” as used in La.R.S. 23:1081(l)(d), plaintiff contends that the issue is res novo — specifically whether the initial aggressor doctrine recognized by section 1081(l)(d) is identical to the initial aggressor doctrine recognized by the jurisprudence of Louisiana’s tort law.
Defendant argues that “unprovoked” as used in the Statute should mean that words alone cannot defeat the initial aggressor defense provided for in section 1081(l)(d). In both tort and criminal law, words alone cannot defeat the aggressor defense. In the tort case Morneau v. American Oil Co., 272 So.2d 313 (La.1973), which abandoned the “fighting words” doctrine, the Court pronounced that mere words, even though designed to excite or irritate, cannot excuse a battery. Id. at 316. In the criminal case State v. Ducote, 452 So.2d 1305 (La.App. 3 Cir.1984), where the defendant was convicted of simple battery despite victim’s repeated use of the phrase “M F” in the defendant’s presence, the court stated, “The fact that Mr. Price may or may not have used vulgar language prior to receiving a battery at the hands of the defendant does not justify defendant’s actions.” Id. at 1308. According to defendant, to achieve harmony and avoid inconsistency, the same rule that applies to tort and | ..¡criminal law should also apply to workers’ compensation cases. Simply put, defendant argues this court should find that words alone, no matter how provocative, will not defeat the aggressor defense under any circumstances absent reasonable fear of physical harm.
We do not agree. Words may, under certain circumstances, justify a battery under La.R.S. 23:1081. We find that “unprovoked” as used in 23:1081(l)(d) of the Workers’ Compensation Statute can mean “not provoked verbally or non-physically.” The initial aggressor doctrines in tort law and in 23:1081, therefore, are not the same.

The meaning of the term “unprovoked” as used in La.R.S. 23:1081(1) (d)

The main issue for us to determine is whether “unprovoked” as used in this provision of the Workers’ Compensation Statute contemplates the use of physical or verbal provocation or both. If the provision refers to only physical provocation, then this particular defense would be available, and plaintiff would, not recover. If on the other hand, the provision recognizes verbal provocation as a valid precursor to a physical altercation, then plaintiff, under the peculiar facts of the case, may overcome the initial aggressor defense and recover. A plaintiffs workers’ compensation claim must stand or fall on the applicability of La.R.S. 23:1081 and the facts surrounding the altercation. Augustine v. Washington Parish Police Jury, 383 So.2d 1271, 1276 (La.App. 1 Cir.1980).
The term “unprovoked” is not defined in the Workers’ Compensation Statute. We turn, therefore, to the Civil Code articles on statutory construction for guidance. When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. La. Civ.Code art. 10. The words of a law must be given [fitheir generally prevailing meaning. La.Civ.Code art. 11. When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole. La.Civ.Code art. 12.
We make clear at the outset that it is not the meaning of the term “unprovoked” which is the source of ambiguity, but rather the type of provocation, i.e. verbal or physical, or both. “Provoke” is defined in *955 the American Heritage Dictionary as “to stir or incite to action.” “Unprovoked” which means “not provoked” would therefore be defined as “not stirred or incited to action.” The issue thus is whether section 1081(l)(d) refers to a physical altercation in which the claimant was verbally stirred or incited to action or whether it refers to a physical altercation in which the claimant was physically stirred or incited to action.
The provision is concerned with whether the initial physical aggressor may recover workers’ compensation benefits. The implication, therefore, is that the initial aggressor is also the claimant. The wording of the statute itself indicates recovery for a claimant who has been verbally provoked. As H. Alston Johnson points out in his Law Review article on the 1983 amendments to the Workers’ Compensation Statute:
If the claimant is the “initial” physical aggressor, then by definition there must be either no provocation on the other side or only verbal provocation [italics added]. If the other disputant is guilty of physical provocation, then the claimant could no longer be the “initial” physical aggressor, and thus would not be denied benefits. Bound in shallows and miseries: The 1983 amendments to the loorkers’ compensation statute. H. Alston Johnson, 44 La.L.Rev. 669 (1984).
“Provoked” in this context, therefore, must refer to that provocation which is not physical, i.e. verbal or non-physical. Thus, “unprovoked physical |7altercation” is one where there was no verbal or non-physical provocation. As a result, section 1081(l)(d) applies to situations where the non-claimant verbally or non-physically provoked the initial physical aggressor/claimant.
The use of the word “unprovoked” in the provision suggests that the inquiry is this: Although the claimant was the initial physical aggressor, was he so provoked that he was justified in being the first to strike, so as to overcome the initial aggressor defense?
Since section 1081(l)(d) potentially allows the initial physical aggressor/claimant to recover upon a showing of only verbal provocation, we find that the initial aggressor doctrine recognized in this provision is not identical to the initial aggressor doctrine recognized in criminal law and juris-prudentially in Louisiana’s tort law. In 1983, the new amendments to the Workers’ Compensation Act included section 1081(l)(d). While there are no statutory notes to explain exactly why subsection (d) was added, it is likely because many of the workers’ compensation cases prior to 1983 dealing with the aggressor doctrine were resolved under section 1081(1), which stated:
Deliberate or wilful injuries, etc.; defenses; burden of proof No compensation shall be allowed for an injury caused:
(1) by the injured employee’s wilful intention to injure himself or to injure another.
In Velotta v. Liberty Mutual Ins. Co., 241 La. 814, 132 So.2d 51 (1961), the Supreme Court stated:
The appellate courts of this State in many instances have heretofore based their decisions interpreting this provision of the Compensation Act on the aggressor doctrine, generally denying recovery to the injured employee who provoked the assault which resulted in his injury. Landry v. Gilger Drilling Co., 92 So.2d 482(La.App. 1 Cir.1957); Cater v. Travelers Ins. Co., 83 So.2d 514 (La.App. 2 Cir.1955); Gore v. Haynes, 27 So.2d 915 (La.App. 1 Cir.1946); Gross v. [Great] Atlantic & Pacific Tea Co., 25 So.2d 837 (La.App.Orleans 1946); Pierson v. Sterling Sugars, Inc., 149 So. 903 (La.App. 1 Cir.1933); Garrett v. Texas Light & [Louisiana] Power Co., 19 La.App. 858, 141 So. 809 (La.App. 2 Cir.1932). Although the results reached in these cases would not necessarily be erroneous, it would appear that the statutory provision involved does not re *956 quire a resort to doctrine not there enunciated. Id. at 53.
Thus, in 1983, section 1081(l)(d) was likely-carved out of section 1081(1) to provide for an initial aggressor defense that up until then was eo-mingled with and analyzed under the “wilful intention” defense of subsection (1).
The case law prior to 1983 indicates that no clear rule has emerged regarding whether the [then implicit] initial aggressor defense of the Workers’ Compensation Act should be construed as identical to the initial aggressor defense in Louisiana’s tort or criminal law. In Gross v. Great Atlantic & Pacific Tea Co., 25 So.2d 837 (La.App.Orleans 1946), where a statement implying that plaintiff was a thief could not have been anticipated to lead to blows, the court held that provocative words may be justification for an assault, provided that words were such that under the circumstances it should have been assumed that physical retaliation would be attempted. Id. at 840. In Conley v. Travelers Ins. Co., 53 So.2d 681 (La.App. 2 Cir.1951), the court held that mere verbal arguments or verbal provocations, unless they are extremely serious, should not be considered as the commencement of such affrays as this. Id. at 684. In Cater v. Travelers Ins. Co., 83 So.2d 514 (La.App. 2 Cir.1955), the court stated that because the same rule for determining the aggressor in an affray as applied in tort and criminal cases has been adopted as the standard for application of La.R.S. 23:1081 (quoting Gross), the aggressor defense could be defeated by a showing that “fighting words” provoked the aggressor’s physical retaliation. Id. at 516.
|9The “fighting words” doctrine was abandoned, however, in 1973. Morneau v. American Oil Co., 272, So.2d 313 (La.1973). The Court pronounced that “mere words, even though designed to excite or irritate, cannot excuse a battery.” Id. at 316. As a result, words alone could no longer defeat the aggressor defense in tort.
While the Velotta Court noted that section 1081(1) did not require a resort to doctrines not there enunciated, it stated further that “the defense the employer is entitled to invoke is - a statutory one expressed in language that is clear and unmistakable and the superimposing of another doctrine, ‘aggressor’ or otherwise, is not considered appropriate. Hartford Acc. & Ind. Co. v. Cardillo, 72 App.D.C. 52, 112 F.2d 11.” Id. at 54. Thus, this Court’s pronouncement, coupled with the abandonment of the “fighting words” doctrine, would seem to seriously undercut the soundness of the “same rule” approach employed in Cater and Gross. The subtitle “Aggressor Defense Partially Codified”, 44 La.L.Rev. 669, 714 (1984), in Johnson’s Law Review article further indicates that there is a different standard used for analyzing an excused battery in tort law than under the Workers’ Compensation Act. Johnson points out that while this partial codification will “in some instances ... be nothing more than legislative recognition of the jurisprudential defense ... some uncertainty is introduced by the concept that the defense is limited to the initial physical aggressor in an “unprovoked” physical altercation.” Id. at 714.

Policy

Beyond the case law and what is logically gleaned from the construction of the provision, there are policy reasons which indicate that the aggressor doctrine used in workers’ compensation cases is not identical to the aggressor |indoctrine used in tort law. One reason for the difference between these doctrines is that the Workers’ Compensation Act is intended to protect and favor the injured employee. The statute should be liberally construed for the benefit of the employee and effort should be made to afford protection to the injured employee consistent with the purpose of the legislation. Armstrong v. Jefferson Disposal Co., 258 So.2d 213 (La.App. 4 Cir.1972). Under the doctrine of liberal interpretation which favors the employee, this special defense [of wilful inten *957 tion to injure], which would, if sustained, deprive an employee of compensation otherwise due, should most assuredly be strictly construed against the employer. Velotta v. Liberty Mutual Ins. Co., 241 La. 814, 132 So.2d 51 (1961). The difference also seems to recognize that disagreements both verbal and physical are a part of the work place. Attaway v. Farley’s Glass Co., Inc., 430 So.2d 705 (La.App. 2 Cir.1983). Also, when section 1081 is used as a defense, the burden of proof is on the employer. Morvant v. Aetna Cas. & Sur. Co., 181 So. 595 (La.App.Orleans 1938).
A fundamental distinction which further indicates a deliberate intention on the part of the legislature to include in the Act a similar, but not identical, version of the tort law aggressor doctrine is the manner in which these respective systems treat victim fault. Under the workers’ compensation system, even if an employee’s injuries are caused solely by his own negligence, he is nevertheless entitled to benefits. In tort law, however, a plaintiff whose sole negligence caused his own injuries is denied any and all recovery. The underlying differences, therefore, between the varying degrees of protection found in tort law and workers’ compensation provide the framework for the contrasting analytical approaches between the statutory aggressor defense Infound in the Act and the jurisprudentially recognized aggressor defense in Louisiana’s tort law.

Has plaintiff overcome the aggressor defense?

Applying these findings to the case at hand, the issue becomes: Did Fontenot’s behavior toward plaintiff constitute sufficient provocation so as to preclude defendant from successfully asserting the initial aggressor defense of section 1081(l)(d)? We think it did.
Factual findings in workers’ compensation cases are subject to the manifest-error or elearly-wrong standard of appellate review. Freeman v. Poulan/Weed Eater, 630 So.2d 733 (La.1994). The appellate court must determine not whether the trier of fact was right or wrong, but whether the fact-finder’s conclusion was a reasonable one. Banks v. Indus. Roofing & Sheet Metal Works, 96-2840, p. 7-8 (La.7/1/97); 696 So.2d 551. Findings of the judge in the workers’ compensation setting should not be set aside unless no reasonable basis for such findings exists in the record. Malbrue v. St. Landry Parish School Bd., 95-1426 (La.App. 3d Cir.04/24/96); 673 So.2d 1157, and Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106 (La.1990).
In the moments before plaintiff struck Fontenot, Fontenot closed in on plaintiff, shook his finger in plaintiffs face, and said, “What the f_ you think you doing to me?” While there is no dispute that plaintiff was the initial physical aggressor, the workers’ compensation judge found that Fontenot’s close physical contact, the finger in plaintiffs face, and the language used constituted sufficient provocation. In further support that it was sufficient provocation, the judge noted that both the District Court and the Appeal Court agreed that Fontenot provoked the fight.
hgBecause we find that verbal provocation may defeat the initial aggressor defense in workers’ compensation cases under certain circumstances, we cannot say that the judge was clearly wrong in finding that the plaintiff should be allowed to recover. That Fontenot had a bad temper or had previous run-ins with other coworkers is of no moment. Abrasive, ill-tempered people should be no more susceptible to being battered than congenial, easy-going people. Nevertheless, under the manifest-error standard, we are constrained to affirm the decision of the trial court.
DISPOSITION
For the foregoing reasons, the judgment of the workers’ compensation judge is af *958 firmed. All costs of this appeal are assessed to the appellant.
AFFIRMED.
COOKS, J., DISSENTS AND ASSIGNS REASONS.