LAND, J.
 

 Defendant is charged with manslaughter. He was tried, convicted, and sentenced to
 
 *129
 
 serve not less than five nor more than ten years in the state penitentiary, and has appealed.
 

 Bill No. 1.
 

 A character witness for defendant testified that he had heard the reputation of defendant for peace and quiet discussed in the year 1922. but not since that date. The testimony of this witness wTas objected to by the state, and properly excluded as the testimony related to an occasion too remote to be of any value as evidence of general reputation'.
 

 Bill No. 2.
 

 • On the trial of the ease, the district attorney requested the following special charge, which was given: “In order that a prisoner in a criminal prosecution for homicide may successively plead that his acts were justifiable upon the ground of self-defense, he must not be the aggressor, he must not bring on or encourage the difficulty, or produce the occasion 'which makes it necessary for him to commit homicide or inflict the injury; and unless he successfully proves that he is without fault and is not the aggressor, and did not bring on.or provoke the difficulty, or produce the occasion, he has no perfect right of self-defense, and his plea of self-defense will avail him nothing, in other words, the right of self-defense does not imply the right of attack.”
 

 “To this rule, however, there are some exceptions. * * * ”
 

 “And the rule is so strictly construed that it has been said that the party first at fault, that is the one beginning the affray,
 
 absolutely forfeits
 
 to the other his right to live to the extent, at least, of the difficulty which he has created, and having committed the first wrongful act, the plea of self-defense is .foreclosed to him,
 
 and Ms Ufe is the penalty no matter what turn the affray may subsequently take.”
 

 The trial judge instructed the jury that the special charge given by him was the law of self-defense of this state.
 

 The defendant objected timely to the special charge on the ground that the same does not set out correctly the law of this state on the matter of self-defense, tended to confuse the jury, and was not explained by the court to the jury.
 

 Counsel for defendant did not ask for any special charge.
 

 No part of the charge is taken from the decisions of this court. The first paragraph is from 45 L. R. A. page 688, King v. State, 13 Tex. App. page 277; the second paragraph is from the same volume, page 692, People v. Conkling, 111 Cal. page 616, 44 P. 314; and the paragraph that: “To this rule, however, there are some exceptions, * * * ” is found in that volume on page 688.
 

 It is well settled in this state that the aggressor. forfeits his right of self-defense, but -that he can recover such right in case he withdraws in good faith from the attitude of aggression, distinctly informs his adversary that he desires peace, and is then pursued and led to believe reasonably that he is threatened with death or great bodily harm. State v. Kellogg, 104 La. 580, 29 So. 285, and cases there cited.
 

 In other words, the rule above stated is an exception to the general rule that the aggressor forfeits his right of self defense. But the trial judge charged the jury in this case that, when an accused person is shown to be an aggressor in the beginning, he is an aggressor in fact throughout the difficulty and that “his life is the penalty,
 
 no matter •what turn the affray may subsequently taJce."
 

 
 *131
 
 The special charge given by the trial judge is clearly contrary to the established jurisprudence of this state. It is incomplete, as' it fails to state and explain the exceptions to the general rule. It is confusing and misleading, since it states the general rule so broadly as to include any possible exception to that rule.
 

 Since the judge a quo does not state that the defendant did not come within any exception to the general rule, we must consider that the special charge given' was prejudicial to the defendant, under the circumstances of the case.
 

 The conviction and sentence appealed from are set aside, and the case is remanded to the lower court for a new trial.