### HARRIS v. LILY–WHITE LAUNDRY, Inc.
#### No. 16864.

Court of Appeal of Louisiana. Orleans.

Feb. 7, 1938.

Daly & Hamlin, of New Orleans, for appellant.

Edward S. Spiro, of New Orleans, for appellee.

McCALEB, Judge.

The plaintiff, Bertha Harris, a colored woman, brought this suit for compensation for 100 weeks against her employer, Lily-White Laundry, Inc., alleging that on November 14, 1936, while she was engaged in the performance of her duties as table girl in the defendant's establishment, an argument took place between a fellow employee named, Lacey Branch and herself, as a result of which the former struck her on the left side of her face with a pressing iron. She averred that, as a consequence of the accident, she suffered a severe gash on the left side of her face extending from her eye to her left ear and that she is now permanently disfigured. She seeks to recover compensation in the sum of $3.25 per week for a period of 100 weeks under the provisions of paragraph 16, subsection 1 (d) of section 8 of Act No. 20 of 1914, as amended by Act No. 242 of 1928, contending that her injury occurred while she was acting in the scope and course of her employment.

The defendant admits the employment; that the nature of plaintiff's work was hazardous as defined by the compensation act, Act No. 20 of 1914, as amended; that the injury received by her resulted from a dispute growing out of her employment, but it denies liability in the premises on two grounds—first, that the plaintiff was the aggressor in the quarrel which culminated in her injuries, and, second, that she has not been seriously permanently disfigured about her face within the meaning of paragraph 16, subsection 1 (d) of section 8 of the compensation act, as amended.

After hearing evidence on these issues, the trial judge found in favor of the plaintiff and awarded her compensation in the sum of $3.25 per week for 100 weeks. The defendant has appealed from the adverse judgment.

The issues in the case are solely ones of fact and are limited to a consideration of the questions (1) as to whether the plaintiff was the aggressor in the encounter with Lacey Branch, and (2) whether, as a result of the blow she received, her face has been permanently disfigured. We shall discuss these points in their respective order.

The plaintiff testified in substance, that on the day of the accident the foreman of the laundry assigned her to work on a mangle near the place where Lacey Branch was employed; that it is a rule of the defendant that the laundry girls take turns in bringing in the wet clothes from the lines on which they are hung; that on this particular day she had gone out in the morning and brought in the wet clothes; and that it was Lacey's turn to bring them in that afternoon. She says that she told Lacey to go out and get the wet clothes; that Lacey replied, "What do I have to do with it," and that thereupon Lacey struck her in the face with some object knocking her to the floor. Plaintiff's testimony is corroborated by the evidence of Alberta McDaniels who avouches that Lacey struck the plaintiff without cause.

On the other hand, the defendant produced Lacey Branch who testified that she and the plaintiff had an argument with regard to the manner in which the laundry work was being done; that the plaintiff became abusive and called her vile names and advanced towards her with an identifying laundry pin (a large iron pin with a sharp point); and that, in fear of her life, she picked up a porcelain drinking cup and struck the plaintiff in the face with it.

 Under section 28 of the Employers' Liability Act, Act No. 20 of 1914, no compensation is permitted for an injury caused by the employee's willful intention to injure himself or to injure another. But that section also provides that where such a defense is made by the employer, the burden of proof is upon him to establish it to the satisfaction of the court. Our brother below was evidently of the opinion that the defendant employer failed to successfully sustain the burden of

showing, by a preponderance of evidence, that the plaintiff was the aggressor in the affray with Lacey Branch. We see no obvious error in his conclusion.

The same is true with respect to the disfigurement of plaintiff's face as a consequence of the accident suffered by her. Plaintiff's injuries were diagnosed at the Charity Hospital as multiple lacerations of the left forehead and excessive hemorrhage. She was treated in that institution from the date of the accident to December 15, 1936. The district judge had an opportunity to see the plaintiff's face and concluded that the scars appearing thereon from the wounds she received are permanent and that she is disfigured. He was in a better position than we are to determine the extent of her mutilation, and there is nothing contained in the record which would warrant us in holding that his finding on this question of fact was manifestly wrong.

The judgment appealed from is therefore affirmed.

Affirmed.