92 So.2d 482 (1957)
Louis LANDRY, Plaintiff-Appellant,
v.
GILGER DRILLING COMPANY et al., Defendants-Appellees.
No. 4359.
Court of Appeal of Louisiana, First Circuit.
February 4, 1957.
*483 Voorhies & Labbe, Lafayette, for appellant.
Sandoz & Sandoz, Opelousas, for appellees.
TATE, Judge.
Disability being admitted, this appeal from an award of compensation to an injured employee is based solely upon the special defense provided by LSA-R.S. 23:1081 as follows:
"No compensation shall be allowed for an injury caused (1) by the injured employee's wilful intention to injure himself or to injure another * * *."
This statutory section further provides that the burden of proof shall be upon the employer to establish such exemption from liability for workmen's compensation.
Plaintiff Landry sustained his disabling injuries at work on December 9, 1955, as follows:
On reporting for work at about 3:15 PM as a member of a crew drilling an oil well, he could not find his work coveralls. He was told that Adam Deshotel was wearing them. Deshotel was the driller (or foreman) *484 of the shift being relieved by Landry's crew. Landry climbed the stairs onto the rig floor 25' above the ground; he accosted Deshotel there and demanded his overalls, having identified those worn by Deshotel as his own by certain marks thereupon. Deshotel refused, whereupon plaintiff Landry drew his pen-knife and threatened to cut the coveralls off if Deshotel did not return them to him. Thereupon, Deshotel did take off the coveralls (he was fully clothed in khakis underneath), and Landry retreated with them to the stairs, which he commenced to descend. The evidence conflicts as to whether or not he turned and hurled some parting insult at Deshotel before descending.
While plaintiff Landry was climbing down the stairs, Deshotel picked up and hurled at him an iron bar, which missed Landry. Deshotel then armed himself with a 36-inch Stillson wrench in one hand, and a 2-pound ballpeen hammer in the other, and went down the stairs after Landry with the admitted intention of killing the latter, who had finished descending the stairs and picked up the 5-foot iron bar previously hurled at him. Landry stood facing Deshotel's approach, with the iron bar either resting across his shoulder like a bat (according to one set of witnesses) or resting upon the ground (according to the other), clasped in both hands.
Deshotel struck Landry in the head with the ballpeen hammer, knocking him to the ground unconscious and almost dead. Deshotel testified (without corroboration from any other witness) that Landry made a threatening motion as if he was going to shift the bar to use it as a weapon.
In an extremely able brief, counsel for defendants relies upon what is known as the "aggressor doctrine" in civil and criminal assault actions. For tort purposes, as defendants' brief states, this doctrine is expressed as follows: "It is a general rule in this class of cases that a plaintiff can recover in an action for an assault and battery committed without legal excuse unless he provoked the difficulty by conduct calculated to arouse the resentment or fears of the defendant (citations)," Smith v. Bankston, La.App. 1 Cir., 75 So.2d 880, 882. "The doctrine is well established in this state that one who provokes a difficulty with another cannot recover damages for injuries inflicted upon him as a result thereof, even though the conduct of the one who inflicts the injuries was not justified in law. [Citations.]" Oakes v. H. Weil Baking Co., 174 La. 770, 141 So. 456, 457.
But, as the Oakes case itself recognizes in awarding damages to the original aggressor because of excessive force (the "parting kick") used upon him after he had already been evicted from the premises, this general doctrine penalizing the aggressor by denying recovery in tort cases or by taking away the plea of self-defense in criminal cases, has several qualifications, of which two of the most important are:
(1) The aggressor doctrine does not apply against the original aggressor insofar as excessive force, or force beyond what is reasonably required under the circumstances of the case, is used against his person, Oakes v. H. Weil Baking Co., 174 La. 770, 141 So. 456; Bacas v. Laswell, La.App.Orleans, 22 So.2d 591, Newman v. Southern Kraft Corporation, La.App. 2 Cir., 197 So. 197, cf. LSA-R.S. 14:19, Criminal Code, see Ford v. Williams, La.App. 1 Cir., 62 So.2d 838, 840;
(2) Nor does it apply against the original aggressor after his bona fide and reasonably perceivable retirement from the affray, or attempt to do so, when the original victim pursues the original aggressor and assaults the latter after his retreat, Oakes case, supra cit., Randall v. Ridgley, La.App. Orleans, 185 So. 632, cf. LSA-R.S. 14:21 Criminal Code, State v. Stroud, 198 La. 841, 5 So.2d 125; State v. Plain, 171 La. 128, 129 So. 730, State v. Corneille, 153 La. 929, 96 So. 813, see Beaucoudray v. Hirsch, La.App.Orleans, 49 So.2d 770.
See Stone, "The Aggressor Doctrine in Louisiana," 21 Tulane Law Review 362.
*485 The record supports the District Court's factual determination that Landry made a bona fide retirement from the affray following his initial aggression, whereupon Deshotel maddened by the humiliation pursued and sought to kill Landry, inflicting grave injuries upon the latter. The District Court therefore properly absolved Landry of aggression in the second incident and allowed him recovery, Byas v. Hotel Bentley, Inc., 157 La. 1030, 103 So. 303; Keyhea v. Woodard-Walker Lumber Company, La.App. 2 Cir., 147 So. 830, rather than denying it to him as injured in a fight provoked by his unabandoned aggression, Morvant v. Aetna Casualty & Surety Company, La.App.Orleans, 181 So. 595. And of course defendant bore the burden to prove that the special defense relied upon applied to the circumstances of this case, Harris v. Lily-White Laundry, Inc., La. App.Orleans, 178 So. 523.
Defendant-appellant has filed a motion to remand these proceedings to introduce evidence of the disposition of the criminal charges filed against both Landry and Deshotel as a result of the encounter above described, which charges were filed after the decision herein on the merits below.
The plea of guilty and acceptance of a minor (60-day) suspended jail sentence by plaintiff, residing away from the parish of prosecution, to the charge of aggravated battery punishable by ten years' imprisonment in the State Penitentiary, LSA-R.S. 14:34; and the consequent dismissal several months later of the counter-charge against Deshotel; do not possess probative weight herein after the District Court has actually seen and heard all the witnesses to the affray and determined on the basis of their testimony the actual facts involved. The motion to remand is denied.
For the above and foregoing reasons, the judgment of the District Court is affirmed.
Affirmed.