**In the Matter of David Lee Vickers, Bankrupt.**

**David Lee VICKERS, Appellant,**

**v.**

**HOME INDEMNITY COMPANY, INC., Appellee.**

**No. 76–3145**

**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

Feb. 9, 1977.

---

\* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

**1150**

Walter F. Gemeinhardt, New Orleans, La., for appellant.

James C. Murphy, Jr., New Orleans, La., for appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Appellant has been adjudicated bankrupt. The referee in bankruptcy determined that a debt based on injuries inflicted in a stabbing committed by the bankrupt was nondischargeable. He proceeded to determine the amount of the liability and render judgment in favor of appellee. The district court affirmed the action of the referee. We also affirm.

The incident in question occurred while the victim was at work. Appellee, the subrogated insurer of the victim's employer, has paid the victim workmen's compensation benefits totaling $23,784.20 in accordance with a state court judgment. Pursuant to La.R.S. §§ 23:1101–1103, which provides an employer an independent tort action for reimbursement of workmen's compensation benefits, appellee filed suit in state court to recover from appellant the amount of those payments. Appellant's adjudication as a bankrupt followed, and the insurer applied to the referee for a determination of the dischargeability of the debt resulting from the injuries inflicted by the bankrupt. The appellant here attacks the referee's factual and legal conclusions that the liability was "for willful and malicious injuries to the person . . . of another," nondischargeable under § 17a(8) of the Bankruptcy Act, 11 U.S.C. § 35a(8).

Appellant asserts that the stabbing was the result of such provocation that the willfulness and malice required by § 17a(8) could not have been present. The standard interpretation of this intent requirement, applied by the referee below, is as follows:

In order that a provable liability come within this exception the injuries must have been both willful and malicious. An injury to person or property may be a malicious injury within this provision if it was wrongful and without just cause or excuse, even in the absence of personal hatred, spite or ill will. The word "willful" means nothing more than intentionally doing an act which necessarily leads to injury. Therefore, a wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse, may constitute a willful and malicious injury.

1A Collier on Bankruptcy ¶ 17.17, pp. 1650.-4–1650.6 (1976).

It is undisputed that at most the victim offered words of provocation. Under Louisiana law, words alone cannot bar an action for battery. *See Morneau v. American Oil Company*, 272 So.2d 313 (La.

Sup.Ct.1973). The provocation thus provided no legal excuse for the appellant's actions.

In short, neither factual nor legal attack may successfully be mounted upon the referee's determination that the appellant's actions were wrongful, intentional, necessarily injurious, and devoid of excuse. That determination was sufficient to satisfy the requirement in § 17a(8) of willful and malicious injury. Consequently, the ruling of nondischargeability was proper.

We feel constrained, moreover, to point out an alternative and logically prior basis for such a ruling. The debt in question was simply not *provable* under § 63 of the Bankruptcy Act, 11 U.S.C. § 103. Only provable debts are dischargeable under § 17a. *See* 1A Collier on Bankruptcy ¶ 17.-17 (1976). Thus the debt in question was not dischargeable regardless of the applicability of the exception for willful and malicious injuries.

Appellee's claim against the bankrupt is a tort action created by statute. *See Vidrine v. Michigan Mullers Mutual Insurance Co.,* 263 La. 300, 268 So.2d 233 (1972); *Marquette Casualty Co. v. Brown,* 235 La. 245, 103 So.2d 269 (1958); *Board of Commissioners v. City of New Orleans,* 223 La. 199, 65 So.2d 313 (1953). Unliquidated tort claims do not fall within any of the categories of debts defined as provable in § 63a. Commencement of an intentional tort action, as opposed to a negligence action, does not render a claim provable under § 63a(7). *See* 3A Collier on Bankruptcy ¶ 63.29, p. 1909 (1975).

Nor was the debt here provable under § 63a(6) as founded upon an award of a body having jurisdiction to make workmen's compensation awards. That section was designed to enable an injured workman to prove against the estate of a bankrupt employer his workmen's compensation claim. *See* 3A Collier on Bankruptcy 57 63.28, pp. 1906–07 (1975). Because none of

these routes to provability lay open to this debt, it was not dischargeable under § 17a.

Appellant has attacked only the determination of nondischargeability. Having properly determined that the debt was not dischargeable, the referee acted within the authority granted by § 17c(3) in proceeding to decide the remaining issues and render the tort judgment in favor of appellee. The district court in turn properly granted judgment approving the referee's actions.

That judgment of the district court is AFFIRMED.

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York* et al., 5 Cir., 1970, 431 F.2d 409, Part I.