In re Charles Frank WILLIS, Bankrupt.

Judy Elaine JACKSON and Herbert Jackson, Plaintiffs,

v.

Charles Frank WILLIS, Defendant.

Bankruptcy No. 79–00368–COL.

United States Bankruptcy Court, M. D. Georgia, Columbus Division.

Feb. 1, 1980.

Louis H. Mitchell, L. B. Kent, Columbus, Ga., for plaintiffs.

B. Seth Harp, Jr., Columbus, Ga., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

ALGIE M. MOSELEY, Jr., Bankruptcy Judge.

Plaintiffs seek nondischargeability of their judgment debt obtained in the Municipal Court of Columbus against Defendant. Plaintiffs allege that this judgment was for willful and malicious injuries and is nondischargeable under § 17a(8) of the Bankruptcy Act. Herein, Plaintiffs' Motion for Summary Judgment is granted.

Plaintiffs obtained judgment against the Defendant on June 8, 1979 in the Municipal Court of Columbus for $3,000, plus costs of $18.50. This judgment followed a jury verdict which shows that there was awarded $1,000 for property damage and $2,000 for punitive damages.

The complaint in the Municipal Court of Columbus alleges an automobile collision on January 12, 1979, and that the Defendant, the Bankrupt herein, " . . . suddenly, without warning and recklessly, negligently and carelessly drove his automobile into the rear of Plaintiffs' automobile, and a violent collision resulted . . . " Also alleged in the complaint in the Municipal Court is that Defendant

" . . . was operating his vehicle while in an intoxicated state and that due to the fact that Defendant was operating his vehicle while intoxicated, that aggravating circumstances, both in the act and in the intention, exists. Defendant's conduct in operating said vehicle while in this drunken condition illustrates that Defendant was guilty of willful misconduct, malice, wantonness, and demonstrated an entire want of care which in turn illustrates a conscience (sic) indiffer-

ence to consequences, therefore, authorizing the imposition of exemplary and punitive damages against the Defendant".

Also alleged in the complaint in the Municipal Court of Columbus is:

"Plaintiffs' claim and lay damages against the Defendant for the diminution in the fair market value of their automobile in the amount of $1,000. Plaintiffs further claim and lay damages against the Defendant in the amount of $4,000 as punitive and exemplary damages by virtue of the aggravating circumstances brought upon by Defendant's violation of Ga.Code Ann. § 68A–902 in that Defendant was in actual physical control of a moving vehicle while under the influence of alcohol".

The only items from the record of the Municipal Court of Columbus that are a part of the record in the instant case are the judgment, the jury verdict, and the complaint.

The records from the Recorder's Court of the City of Columbus, Georgia, which are a part of the record in the instant case, show: (a) a "nolo" plea to a charge of driving under the influence of alcohol, (b) a guilty plea to a charge of no-fault insurance, and (c) a guilty plea to a charge of following too closely.

Plaintiffs contend that the Municipal Court judgment is res judicata and that they are therefore entitled to a summary judgment that the debt is nondischargeable because the Municipal Court of Columbus has already adjudicated in their favor that the debt is a liability for willful and malicious injuries to the property of the Plaintiffs which would exclude their debt from the discharge in bankruptcy by reason of § 17a(8).

Defendant contends that the Municipal Court judgment is not res judicata and that the Bankruptcy Court can go behind that judgment and have a trial de novo.

Defendant, in the instant case, relies on *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). In that case there was a stipulation and judgment on a collection suit. It differs from the instant case, which is a judgment on a tort suit. The U.S. Supreme Court there held that res judicata could have no application because the issues in the bankruptcy court were not identical to those arising in the state court case. The Supreme Court rejected the contention that fraud, deceit and malicious conversion were all proper subject matter to be raised in the collection suit, and not having been raised, were barred in the Bankruptcy Court by res judicata. As stated, the Supreme Court rejected this contention and held that the bankruptcy, following the state court suit, was not to be anticipated in the state court suit and issues pertinent only to a not yet filed bankruptcy need not be raised in the state court case.

The Supreme Court said:

"Res judicata ensures the finality of decisions. Under res judicata, 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action'. (Cite omitted). Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. (Cites omitted). Res judicata thus encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes".

"Grounds for, or defenses to, recovery" provided by the Bankruptcy Act were not "available" in the state court collection suit and thus issues in dischargeability cases under § 17a(2) and § 17a(4) of the Bankruptcy Act were not barred by res judicata in that case.

The case sub judice is quite different from *Brown.* In *Brown,* the Supreme Court said that the grounds for, or defenses to, recovery afforded by a subsequent bankruptcy were not barred in the subsequent bankruptcy case by reason of res judicata. *Brown* does *not* say that where the grounds for, or defenses to, were, in fact, issues in the state court case that the Bankruptcy Court is required to re-try those same issues already adjudicated in a state court case which is followed by a bankruptcy case.

In the instant case grounds for, or defenses to, recovery which were afforded by the Bankruptcy Act were resolved adversely to Defendant in the state court tort suit. Res judicata means "A matter adjudged; a thing judicially acted upon or decided; a thing or matter settled by judgment". Black's Law Dictionary, 3rd Ed. The Plaintiffs contend that their tort judgment debt is not dischargeable under § 17a(8) of the Bankruptcy Act because it is a liability for a willful and malicious injury to their property. This is the matter adjudged, the thing judicially acted upon and decided, the matter adjudicated adversely to the Defendant by the judgment in the Municipal Court.

▮ In the Municipal Court of Columbus, the jury and judgment awarded punitive damages, and in so doing determined that the injury to the property of the Plaintiffs was a willful and malicious injury. To re-try in the Bankruptcy Court, the issue of whether or not the conduct of the Defendant was willful and malicious would discourage "reliance on judicial decisions", would encourage "vexatious litigation" in the Bankruptcy Court, and would hamper Bankruptcy Courts from its duties to "resolve other disputes".

The Ga.Code at 105–2002 provides as follows:

"Aggravation.—In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages, either to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiffs".

To authorize the imposition of punitive or exemplary damages under this section, there must be evidence of willful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care, which would raise the presumption of a conscious indifference to consequences. *Southern Ry. Co. v. O'Bryan*, 119 Ga. 147, 45 S.E. 1000 (1903). *Standard Oil Company v. Mount Bethel United Methodist Church et al.*, 230 Ga. 341, 196 S.E.2d 869 (1973). The jury, by its verdict, and the judge, by his judgment on the verdict in the Municipal Court, found the conduct resulting in injury to Plaintiffs' property was willful and malicious. This is so because implicit in the verdict and judgment is the fact that the judge would not have charged the jury on punitive damages (Ga.Code 105–2002) if the evidence had not warranted it, and the jury would not have awarded punitive damages had they not found that the conduct of Defendant was willful and malicious. The "thing" in § 17a(8) was then and there decided adversely to the Defendant. The Bankrupt is not entitled to another trial in the Bankruptcy Court on the same issues that were decided against him in the Municipal Court judgment.

The willful and malicious conduct of the Defendant caused the injuries to the Plaintiffs. Because of such conduct, according to the jury verdict, Plaintiffs suffered $1,000 actual damages. Because of such conduct, the jury went further and awarded $2,000 as punitive damages. Therefore, both liabilities are within the statute as "liabilities" for willful and malicious injuries to the property of the Plaintiffs. See *Coen et al. v. Zick*, 458 F.2d 326 (9th Cir. 1972).

"Res judicata" may not be the correct technical term to use in the foregoing context. It may be that "collateral estoppel" would be more technically correct. Such is suggested by Footnote 10 of *Brown* as follows:

"This case concerns res judicata only, and not the narrower principle of collateral estoppel. Whereas res judicata forecloses all that which might have been litigated previously, collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit. *Montana v. United States*, 440 U.S. 147, 151, 99 S.Ct. 971, 973, 59 L.Ed.2d 210 (1979); *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5, 99 S.Ct. 645, 649 n.5, 59 L.Ed.2d 645 (1979); *Cromwell v. County of Sac*, 94 U.S. 351, 352–353, 24 L.Ed. 195 (1876). If, in the course of adjudicating a state-law question, a state court

should determine factual issues using standards identical to those of § 17, then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court.

Because respondent does not contend that the state litigation actually and necessarily decided either fraud or any other question against petitioner, we need not and therefore do not decide whether a bankruptcy court adjudicating a § 17 question should be given collateral estoppel effect to a prior state judgment. In another context the Court has held that a bankruptcy court should give collateral estoppel effect to a prior decision. *Heister v. Woodruff*, 327 U.S. 726, 736, 66 S.Ct. 853, 857, 90 L.Ed. 970 (1946). The 1970 amendments to the Bankruptcy Act, however, have been interpreted by some commentators to permit a contrary result. See 1A Collier on Bankruptcy § 17.16[6], at 1650.2 (14th ed. 1978); *Countryman*, The New Dischargeability Law, 45 Am.Bankr.L.J. 1, 49–50 (1971). But see 1 D. Cowans, Bankruptcy Law & Practice § 253 (1978)".

Herein we have treated "as final only those questions actually and necessarily decided in the prior suit" in the Municipal Court of Columbus. The Municipal Court "actually and necessarily decided" that the debt of Defendant to Plaintiffs was a liability for willful and malicious injuries to the property of the Plaintiffs. Having so concluded, it may be more technically correct to state that Defendant is collaterally estopped from relitigating in the bankruptcy court those questions actually and necessarily decided in the prior suit in the Municipal Court of Columbus.

An order granting Plaintiffs' Motion for Summary Judgment is entered simultaneously herewith.