PER CURIAM:
 

 Joseph Petty appeals from the decision of the district court affirming the bankruptcy court’s determination that his claim against the Dardars is dischargeable in bankruptcy.
 
 [1]
 
 We reverse.
 

 On April 25,1975, Petty and Dardar were involved in an altercation which resulted in Petty being hospitalized. Subsequently, the Dardars petitioned for bankruptcy and were discharged. Petty contests the dis-chargeability of his claim against Dardar for the injuries he sustained.
 

 The bankruptcy court hearing to determine dischargeability revealed that the Dardars were walking beside the road when a vehicle, driven by Petty, struck them. Mrs. Dardar was knocked into the ditch beside the road and Mr. Dardar was thrown over Petty’s vehicle. Mr. Dardar reached into the car, hit Petty, and then pulled him from the car and continued to beat him.
 

 Recognizing that debts from willful and malicious injuries upon another person are not dischargeable, 11 U.S.C. § 35(a)(8), the bankruptcy judge concluded that the battery committed on Petty was justifiable under the Louisiana “aggressor doctrine” and hence was not willful and malicious.
 

 Collier’s interpretation of the phrase “willful and malicious” was adopted by the Fifth Circuit in
 
 Vickers v. Home Indemnity Co.,
 
 546 F.2d 1149 (5th Cir. 1977). Thus, an injury to a person is nondischargeable as a malicious injury if
 

 the injury [is] both willful and malicious. Willful means nothing more than intentional, and malice is not limited to personal hatred, spite, or ill will. Therefore, a wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse, may constitute a willful and malicious injury.
 

 1 Collier, Bankruptcy ¶ 17.03 (1978) (footnotes omitted). Thus, the initial determination which must be made is whether the beating by Dardar was wrongful, or whether it was justified because of Petty’s prior acts.
 

 
 *41
 
 The bankruptcy judge found Dardar’s actions to be justified under the Louisiana aggressor doctrine. According to that doctrine an individual may not recover for a battery if the party seeking to recover was the aggressor and the party committing the battery was acting to repel an invasion of his person.
 
 Tripoli v. Gurry,
 
 253 La. 473, 218 So.2d 563 (1969). The bankruptcy court found that by striking the Dardars with his vehicle, Petty was an aggressor, and the beating was a lawful reaction to that act of aggression which was neither unreasonable nor excessive.
 

 We need not decide whether or not under Louisiana law an act of negligence, even gross negligence, can constitute an act of aggression within the meaning of the aggression doctrine, because Dardar’s reaction to the aggression clearly was not in an attempt to
 
 repel
 
 the aggression.
 

 The aggression doctrine is designed to permit a person to protect one’s self from an act of violence from another person. It is not designed to permit an injured party to take the law into his or her own hands and retaliate against the initial aggressor.
 
 See Oakes v. H. Weil Baking Co.,
 
 174 La. 770, 141 So. 456 (1932);
 
 Landry v. Gilger Drilling Co.,
 
 92 So.2d 482 (La.App. 1957); Stone,
 
 Tort Doctrine in Louisiana: The Aggressor Doctrine,
 
 21 Tul.L.Rev. 362, 366-68 (1947). Inasmuch as Petty was driving his car away from the scene of the initial tort, it cannot be said Dardar beat him to
 
 repel
 
 any aggression. Any aggression had ceased and Petty was attempting to leave, taking Dardar’s actions outside of the aggression doctrine.
 
 [2]
 

 Dardar’s actions were wrongful, and they were clearly intentional actions which would necessarily lead to injury. Accordingly, any debt arising from Petty’s injuries is nondischargeable.
 

 REVERSED.
 

 [1]
 

 . This case arose under the former bankruptcy law. Accordingly, all citations are to the Act as it existed prior to October 1, 1979.
 

 Only dischargeability was before the lower court. Before a debt may be dischargeable, it must have been provable under § 63 of the Bankruptcy Act. 11 U.S.C. § 103. Unliquidat-ed tort claims are not dischargeable, and the filing of suit does not render them provable.
 
 Vickers v. Home Indemnity Co.,
 
 546 F.2d 1149, 1151 (5th Cir. 1977). That issue is not before the court, however, and thus we express no opinion as to the provability of this debt.
 

 [2]
 

 . This is not to say that under Louisiana law Petty would necessarily recover. Rather, as a matter of federal law, the facts and circumstances of this case do not suggest Dardar’s actions were justified because of Petty’s prior acts.