In the Matter of Thomas Lewis REYNOLDS, Debtor.

Bessie NOBLE, Plaintiff,

v.

Thomas L. REYNOLDS, dba, Reynolds Moving and Storage, Defendant.

Bankruptcy No. 1–80–00822.
Adv. No. 1–80–167.

United States Bankruptcy Court, S. D. Ohio, W. D.

Feb. 2, 1981.

Harry Gehler, James W. Schlueter, Cincinnati, Ohio, for plaintiff.

Joseph H. Johnson, Cincinnati, Ohio, for defendant.

ORDER FINDING DEBT OF BESSIE NOBLE AGAINST THOMAS LEWIS REYNOLDS DISCHARGEABLE IN FULL.

LEONARD C. GARTNER, Bankruptcy Judge.

### The Two Faces of Janus

The god Janus of the ancient Romans is depicted as having two faces, each looking in opposite directions. Such is the basis for the month of January, last month, looking back, looking forward.

The present litigation has two such faces in two different courses. An analysis and comment is in order.

The debtor, in his petition for relief filed April 28, 1980, schedules Bessie Noble as a creditor as the result of a judgment in the Hamilton County Common Pleas Court against him in the amount claimed of $40,-232.85. Actually the judgment was for $47,500.00 (Exhibit 1).

On June 26, 1980 Bessie Noble filed her complaint to determine said debt to be nondischargeable as therein set forth, to which, on August 20, 1980, the debtor answered. The cause came on for hearings, and the decision depends upon the interpretation of that portion of 11 U.S.C. § 523 which denies a discharge to a debtor.

"Section 523. Exceptions to discharge. (a) A discharge under section 727,1141, or 1328(b) of this title does not discharge an individual debtor from any debt— * * * (6) for willful and malicious injury by the debtor to another entity or to the property of another entity;"

There was lengthy testimony, Ohio statutory arguments, deposition, judgment by the Hamilton County Common Pleas Court, and a jury verdict upon which judgment was entered.

The prime controversy centers around whether or not this Court should review the proceedings of the common pleas court.

The basic facts, while involved, are not overwhelmingly so. Mrs. Noble stored her belongings with the debtor, did not pay the charges as required, so that Reynolds sold the merchandise for his fee, and in the process went amiss of the Ohio Statutory provisions for such procedure. The Hamilton County Common Pleas Court found in favor of Mrs. Noble.

The question is: Should this Court make an independent finding as a result of a hearing pursuant to § 523, or adopt the judgment of the Hamilton County Common Pleas Court. Like the two heads of Janus, there are opposing views.

See, *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *In Re Day,* 4 B.R. 750 (Bkrtcy.S.D.Ohio, 1980); *In Re Manitta,* 1 B.R..393 (B.J., C.D.Calif., 1979); *In Re Willis,* 2 B.R. 566 (B.J., M.D. Ga., 1980) for a full discussion of the topic.

It is the decision of this Court that the former view be adopted and that there was no "willful and malicious injury" by the debtor. Note that the "willful and malicious" feature of former 11 U.S.C. § 35(a)(2) has been removed from present 11 U.S.C. § 523. The debtor in this instance exercised his proper right in disposing of the merchandise but misused the Ohio procedural method in doing so. Such is not "willful and malicious injury".

The corollary problem in this case is that seemingly the debtor, through counsel, concedes that $7500.00 of the debt is nondischargeable because it was a punitive award by a jury on which judgment was entered. Again the head of Janus—the jury was imposing liability for certain conduct of the debtor. The jury charge (Ex. 4) talks about constructive malice. This Court is unable to find that kind of malice which is nondischargeable in bankruptcy, and hence the jury's undetailed verdict and this Court's attitude are at odds—The Court will not adopt the concession of counsel for the debtor.

The entire debt of Bessie Noble against Thomas Lewis Reynolds, dba, Tommy Reyn-

olds Moving and Storage Company, arising out of the judgment in the Court of Common Pleas, Hamilton County, Ohio, Case No. A7607635, is declared dischargeable.

IT IS SO ORDERED.