In the Matter of Martin C.
FARMER, Debtor.

E. BUDRES, Plaintiff,

v.

Martin C. FARMER, Defendant.

Bankruptcy No. 81–0082G.

United States Bankruptcy Court,
N. D. Georgia.

Dec. 18, 1981.

John E. Steel, Jr., Russell, McWhorter & Adamson, Winder, Ga., for plaintiff.

Ray E. Colglazier, Jr., Athens, Ga., for defendant.

OPINION

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

FINDING OF FACT

Martin C. Farmer, the defendant/debtor (hereinafter the "Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code (11 United States Code), on March 23, 1981. On May 26, 1981, E. Budres, the plaintiff/creditor in this adversary proceeding (hereinafter the "Plaintiff"), filed a complaint under Part VII of the Bankruptcy Rules to determine the dischargeability of a debt owed her by virtue of a judgment against the Debtor. On March 6, 1981 the Plaintiff obtained a judgment in the Superior Court of Jackson County, Georgia, against Jack C. Farmer and the Defendant. The jury verdict was for monies had and received in the amount of $5,425.00 and punitive damages in the amount of $5,000.00. In the verdict, a copy of which is attached as Exhibit "A", the second provision appears as follows:

II. _Punitive Damages:_
We, the jury, find in favor of _Plaintiff_
and the recovery is ~~court cost~~ ~~attorney fees~~
$7,000.00 (S.H., Jury)

---

## DISCUSSION

In her complaint the Plaintiff alleges that the debt owed her is for obtaining money by false pretenses, false representation or actual fraud as contemplated by § 523(a)(2), or is a debt owed her for willful and malicious injury to property as contemplated by 11 U.S.C. § 523(a)(6). In his answer the Defendant maintains that the state court verdict rendered for monies had and received is dischargeable in this bankruptcy case and the verdict rendered for punitive damages was in fact for court costs and attorney fees and is dischargeable.

Both parties have filed a motion for summary judgment. The plaintiff's motion is supported by the argument that the verdict and judgment rendered in Jackson County Superior Court collaterally estopps the defendant from relitigating the question of his (1) fraud or (2) willful and malicious conduct in incurring the debt. He argues that _In re Willis_, 2 B.R. 566 (Bkrtcy.M.D. Ga.1980) supports his position.

In _Willis_, the plaintiff in an automobile collision was awarded compensatory and punitive damages after a fully litigated jury trial in a city court. Under Georgia law, the jury must find that the defendant's conduct was willful and malicious in order to award punitive damages. _Willis_ at 568; see Ga.Code Ann. § 105–2002.

The _Willis_ court distinguished the case of _Brown v. Felsen_, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). The issue in _Brown_ was whether a state court judgment was _res judicata_ as to a Bankruptcy Court's determination of the dischargeability of the debt created by that state court judgment. The _Brown_ court pointed out that the litigation in the Bankruptcy Court to determine dischargeability of a debt involves new issues such as fraud or willful and malicious injury. The Bankruptcy Court must determine whether these issues had been raised, considered and determined in the prior state court proceeding. The _Willis_ court pointed out that under Georgia law the determination by a jury to award punitive damages must be based on "evidence of willful misconduct, malice, fraud, wantonness, or oppression which would raise the presumption of a conscious indifference to consequences." [Citations omitted]. 2 B.R. at 68. The court further noted that under Georgia law the award of punitive damages was conditioned on a finding of willful and malicious conduct. The question then arises whether the standard for awarding punitive damages under Georgia law equates to "willful and malicious" injury in § 523(a)(6).

_Willis_ was decided under § 17(a)(8) of the prior Bankruptcy Act. The standard for willful and malicious injury in § 523(a)(6) of the new Bankruptcy Code may be a slight change from the decisional law under § 17(a)(8). The comments of the House and Senate Reports accompanying the Bankruptcy Reform Act of 1978 regarding § 523(a)(6) are as follows:

Paragraph (6) excepts debts for willful and malicious injury by the debtor to another person or to the property of another person. Under this paragraph, "willful" means deliberate or intentional. To the extent that _Tinker v. Colwell_, 193 U.S. 473, [24 S.Ct. 505, 48 L.Ed. 754] (1902), held that a looser standard is intended, and to the extent that other cases have relied on _Tinker_ to apply a "reckless disregard" standard, they are overruled. H.R.Rep. 95–595, 95th Cong., 1st Sess. 365 (1977); S.Rep. 95–989, 95th Cong. 2nd

Sess. 79 (1978) [under paragraph (5) in Senate Report..

■ Apparently, Congress, or at least the House and Senate draftsmen, intended that conduct which equates with gross negligence, allowed by some decisions to support nondischargeability,[1] should be eliminated as a basis for nondischargeability and intended to emphasize that the willful and malicious acts must rise to the level of an intentional tort in order. to be nondischargeable. There is no other legislative comment or guidance on this point.[2] If the instructive guidance of the House and Senate Reports is followed, the doctrine of constructive or inferred malice developed by some courts under the prior Bankruptcy Act must be rejected.[3] It may be doubted that *Tinker v. Colwell* was ever appropriate authority for the doctrine of implied or constructive malice.[4] Thus, under the Bankruptcy Code, "reckless disregard" or other degree of negligence may not substitute to supply the intent demanded by "willful" as used in § 523(a)(6).

Georgia Code § 105–2002 is the statutory authority for the award for punitive damages.

Aggravation.—In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages, either to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiffs.

See *Thomas v. Turner*, 12 B.R. 497, 7 B.C.D. 1119 (Bkrtcy.N.D.Ga.1981); *C&S National Bank v. Thomas*, 80–0188A (N.D.Ga.1981, July 10, 1981). The *Willis* court stated the requirements for punitive damages as reflected by Georgia appellate court case law.

To authorize the imposition of punitive or exemplary damages under this section, there must be evidence of willful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care, which would raise the presumption of a conscious indifference to consequences. *Southern Ry. Co. v. O'Bryan*, 119 Ga. 147, 45 S.E. 1000 (1903). *Standard Oil Company v. Mount Bethel United Methodist Church, et al*, 230 Ga. 341, 196 S.E.2d 869 (1973). 2 B.R. at 568.

The standards set forth by Ga.Code § 105–2002 and Bankruptcy Code § 523(a)(6) seem to be congruent with the exception of the phrase: "that entire want of care, which would raise the presumption of a conscious indifference to consequences," which may equate to "reckless disregard."[5] This variance in the standards is a difference of some significance. Under 11 U.S.C. § 523(a)(6), in order to determine the dischargeability of a judgment debt in which punitive damages had been awarded by a Georgia state court, it would be necessary in each case to determine from the state court record that the award of punitive damages was not founded upon conduct which was in "reckless disregard" of the consequences.

■ In the opinion of this court the better rule of law as to the function of the Bankruptcy Court in dischargeability proceedings is stated in the Ninth Circuit case *In re Houtman*, 568 F.2d 651, 653–4 (1978).

The 1970 Amendment to the Bankruptcy Act imposed upon the bankruptcy courts the exclusive jurisdiction to determine dischargeability. As we read those Amendments there is no room for the application of the technical doctrine of collateral estoppel in determining the nondischargeability of debts described in section 17(a)(2), (4), and (8) of the Bankruptcy Act. This does not mean that the documents which officially enshrine the state court proceedings may not be considered by the bankruptcy judge as estab-

---

1. 1 Norton Bankr. L. & Prac., § 27.28—Willful and Malicious, fn. 6, p. 26.

2. See Norton, *supra*, fn. 7.

3. See Norton, *supra*, § 27.28, p. 26, at fn. 6. See also § 27.16, fn. 8, p. 16.

4. See Norton, *supra*, fns. 10, 11.

5. H.R.Rep. 95–595, 95th Cong., 1st Sess. 365 (1977); S.Rep. 95–989, 95th Cong., 2nd Sess. 79 (1978) [quoted above].

lishing the nondischargeability of a debt. What is required is that the bankruptcy court consider all relevant evidence, including the state court proceedings, that is offered by the parties, or requested by the court, and on the basis of that evidence determine the nondischargeability of judgment debts which the creditors contend are described in section 17(a)(2), (4), and (8). [Citations omitted].

Thus, there is no *res judicata*, or collateral estoppel restriction on the role and responsibility of the Bankruptcy Court which is to make an independent determination from a consideration of all of the evidence bearing on the issue of dischargeability of a debt. The consideration of this issue by this court is independent of the prior state court judgment. Only where it is clear from the verdict and judgment that the issues before the state court were the same as the issues before the Bankruptcy Court in the dischargeability proceeding, and the legal standards applied by the State Court were the same as those required under the Bankruptcy Code, may the Bankruptcy Court accept the state court judgment as determinative of the issues of dischargeability in making the independent judgment of the Bankruptcy Court. *See Franks v. Thomason*, 4 B.R. 814 (D.C.N.D.Ga.1980).

 In this adversary proceeding, where the state court jury verdict is ambiguous, and, where it is not clear whether the award of punitive damages was based on a standard of "reckless disregard," which standard seems inconsistent with the provision of § 523(a)(6) of the Bankruptcy Code, this court is compelled to conduct a trial or, in conjunction with its consideration of the record of the state court proceeding, to hear such additional evidence as may be material to the issue of dischargeability. The Defendant has filed a motion for summary judgment arguing that the verdict and judgment in the state court is dischargeable because the verdict does not sound in tort and is not based on willful and malicious injuries to the person or property of another. Moreover, although fraud was alleged in the Plaintiff's state court complaint, the judgment appears to award punitive dam-

ages on a contract action in contravention of state law, and thus is not clearly determinative of the § 523(a)(2) issues.

Finally, F.R.C.P. 56(c) requires parties to "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law...." *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967 (1944); *Shahid v. Gulf Power Co.*, 291 F.2d 422 (5th Cir. 1961). Because there is a genuine issue as to the facts in this case, both the Plaintiff's motion for summary judgment and the Defendant's motion for summary judgment are DENIED.

In accordance with Bankruptcy Rule 921(a), a separate order will be entered consistent with the above opinion.