In re Bennie Lee ASKEW, Debtor.

Patricia Simpson BRAWNER, Plaintiff,

v.

Bennie Lee ASKEW, Defendant.

Bankruptcy No. 82–40109–COL.
Adversary Proceeding No. 82–4090–COL.

United States Bankruptcy Court,
M. D. Georgia.

Aug. 19, 1982.

Jerry D. Sanders, Columbus, Ga., for plaintiff.

Walter F. Johnson, Columbus, Ga., for defendant.

### COMPLAINT TO DETERMINE DIS-CHARGEABILITY OF DEBT

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

ALGIE M. MOSELEY, Jr., Bankruptcy Judge.

Plaintiff seeks nondischargeability of her judgment debt obtained in the Superior Court of Muscogee County, Georgia against defendant, Bennie Lee Askew. This was a joint case in the Bankruptcy Court, but the judgment in the Superior Court was only against the Defendant, and Debtor, Colette Hammond Askew, is not a Defendant in this adversary proceeding. Plaintiff alleges that this judgment was for willful and malicious injury and is nondischargeable under 11 U.S.C. § 523(a)(6) of the Bankruptcy Code. Plaintiff and Defendant have each filed a Motion for Summary Judgment. Herein, Plaintiff's Motion for Summary Judgment is granted.

Plaintiff obtained judgment against Defendant in June, 1975 in the Superior Court of Muscogee County, Georgia for comprehensive damages in the amount of $125,000 and for punitive damages in the amount of $50,000. This judgment followed a jury verdict exonerating a joint defendant, James E. Warren, Jr., and awarded comprehensive damages of $125,000 and punitive damages of $50,000 in favor of the Plaintiff against the Defendant.

The complaint in the Superior Court of Muscogee County, Georgia alleges that the Plaintiff was thirteen years of age, walking five feet off the shoulder of Forrest Road,

Defendant at a speed estimated to be from 70 to 100 miles per hour, veered off the road and struck Plaintiff knocking her 50 feet South face down into a ditch, that after striking Plaintiff, Defendant left the scene at a high rate of speed, that at the time Defendant was under the influence of alcohol, that part of Plaintiff's hair was left in the windshield wipers of Defendant's automobile, that the Defendant was driving without a valid Georgia Driver's License, and his driver's license had been suspended as a result of previous driving under the influence records, Defendant was convicted of driving under the influence charges in October of 1970, was charged with driving under the influence in September of 1971 and paid a fine, having eleven days earlier forfeited a bond on public drunkenness charges, in July, 1972, Defendant was charged with driving under the influence and fined, twice in 1973 Defendant was charged with driving under the influence, that his license was suspended on March 12, 1972 and was sentenced to attend the Alcohol Safety Action Project Traffic Information Program, that on May 7, 1974 he forfeited a bond on the charge of public drunkenness, that as a result of being off the highway and striking Plaintiff, Plaintiff was hospitalized and in intensive care, totally unconscious for 36 days, that Plaintiff received severe brain concussion, fractures to both legs and multiple cuts and bruises over Plaintiff's entire body. The complaint in the Superior Court asserts that Defendant negligently injured and damaged Plaintiff and prayed for damages in the amount of $200,000. The complaint was amended, praying for punitive damages in the amount of $100,000.

Although this Court suggested in a letter of May 25, 1982 to counsel for the respective parties that "all or portions of the Superior Court record should be made a part of the record in the instant file," the only items from the record of the Superior Court of Muscogee County, Georgia that are a part of the record in the instant adversary proceeding are the complaint and the judgment, the latter quoting the jury verdict.

Defendant contends that in the exception from discharge in 11 U.S.C. § 523(a)(6) "for willful and malicious injury by the debtor to another entity or to the property of another entity," that "willful" means deliberate and intentional. If deliberate and intentional means that the Defendant must have formulated in his mind an intent to veer off the highway and strike Plaintiff, and having so formulated such intent, he deliberately took aim at her and drove his automobile into her after having taken aim, then this construction is rejected. Whether a person does something deliberately and intentionally can only be determined by his conduct. The conduct in the instant case shows a deliberate and intentional injury to the Plaintiff.

For Defendant's construction of the word willful, Defendant relies upon a statement from legislative history as follows:

"Paragraph (6) excepts debts for willful and malicious injury by the debtor to another person or to the property of another person. Under this paragraph, 'willful' means deliberate or intentional. To the extent that *Tinker v. Colwell*, 139 U.S. 473 [24 S.Ct. 505, 48 L.Ed. 754] (1902) [sic], held that a looser standard is intended, and to the extent that other cases have relied on *Tinker* to apply a 'reckless disregard' standard, they are overruled." H.R.Rep. 595, 95th Cong., 1st Sess. 365 (1977); S.Rep.No.989, 95th Cong., 2nd Sess. 79 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5865, 6320.

This Court addressed this issue *In re Rines*, 18 B.R. 666, 8 BCD 1205 (Bkrtcy.M.D.Ga. 1982), and found that these few sentences in the legislative history were insufficient authority for this Court to change long standing opinions from the United States Supreme Court and from a Court of Appeals for the Fifth Circuit. Congress by legislation may change the law as found by the courts, but a few obscure words in the legislative history is insufficient to change the meaning of words interpreted by the courts. *See In re Rines, supra,* and the cases cited there. *In re Rines* was affirmed

by the District Court on appeal without opinion.

To *In re Rines* we might add the following: In *In re Vickers*, 546 F.2d 1149, 1150 (1977), the Fifth Circuit Court of Appeals said in interpreting the same words, willful and malicious, under the Bankruptcy Act,

"The standard interpretation of this intent [of willfulness and malice] requirement, applied by the referee below, is as follows:

In order that a provable liability come within this exception the injuries must have been both willful and malicious. An injury to person or property may be a malicious injury within this provision if it was wrongful and without just cause or excuse, even in the absence of personal hatred, spite or ill will. The word "willful" means nothing more than intentionally doing an act which necessarily leads to injury. Therefore, a wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse, may constitute a willful and malicious injury.

1A Collier on Bankruptcy ¶ 17.17, pp. 1650-4–1650.6 (1976)."

Also, the Court of Appeals for the Fifth Circuit in *In re Dardar*, 620 F.2d 39, 40 (1980), said

"[2] Collier's interpretation of the phrase 'willful and malicious' was adopted by the Fifth Circuit in *Vickers v. Home Indemnity Co.*, 546 F.2d 1149 (5th Cir. 1977). Thus, an injury to a person is nondischargeable as a malicious injury if the injury [is] both willful and malicious. Willful means nothing more than intentional, and malice is not limited to personal hatred, spite, or ill will. Therefore, a wrongful act done intentionally, which necessarily produces harm is without just cause or excuse, may constitute a willful and malicious injury.

1 Collier, Bankruptcy ¶ 17.03 (1978) (footnotes omitted)."

■ The ultimate question in this case is whether or not the sentences from the legislative history cited above is sufficient authority for this Court to change the meaning of willful and malicious as found by the Court of Appeals of the Fifth Circuit and the Supreme Court in *Tinker v. Colwell*, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904). This Court will adhere to its decision in *In re Rines* and conclude that it is not. The comments relied upon by Defendant are comments of the House Judiciary and the Senate Judiciary Committees. These comments were not adopted or approved by the full Congress. The language used in the Code, which was approved by the full Congress, had been held, in *Tinker* and other cases under the Act, to have a meaning. This meaning is the meaning ascribed by this Court. Congress must have been aware of this meaning. If the full Congress had intended to change this meaning, it would have changed the words. It did not. Therefore, the words should be construed to have the same meaning as under the Act. *See Lorillard v. Pons*, 434 U.S. 575, 98 S.Ct. 866, 870, 55 L.Ed.2d 40 (1978); *Shapiro v. U. S.*, 335 U.S. 1, 68 S.Ct. 1375, 1383, 92 L.Ed. 1787 (1948); *U. S. v. Falletta*, 523 F.2d 1198, 1201 (5th Cir. 1975) *reh. den.* 525 F.2d 1407. Further, the meaning of the quoted portion of the legislative history raises more questions than it purportedly answers. It is at best unclear and ambiguous. See cases cited in *In re Rines, supra.*

■ The instant case is factually similar to *In re Willis*, 2 B.R. 566 (Bkrtcy.1980) from this Court, and that case will also be adhered to. The Defendant is collaterally estopped from relitigating in the Bankruptcy Court those questions actually and necessarily decided in the prior suit in the Superior Court of Muscogee County. The Superior Court of Muscogee County, Georgia "actually and necessarily decided" that the debt of Defendant to Plaintiff was a liability for willful and malicious injuries to the person of the Plaintiff, and, accordingly, the Motion for Summary Judgment filed by the Plaintiff should be granted, and the Motion for Summary Judgment filed by the Defendant should be denied.