In re Stephen Lee **HORNE**, Debtor.

Roy F. **JOHNSON**, Plaintiff,

v.

Stephen Lee **HORNE**, Defendant.

Bankruptcy No. 84–02571.
Adv. No. 84–0593A.

United States Bankruptcy Court,
N.D. Georgia.

Jan. 16, 1985.

Sammy J. Hawkins, Marietta, Ga., for plaintiff.

Robert E. Flournoy, III, Marietta, Ga., for defendant.

## OPINION

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

On June 7, 1984 Stephen Lee Horne filed a Chapter 7 petition. On September 19, 1984 plaintiff Roy Johnson filed the instant adversary proceeding to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(6). The plaintiff had obtained judgment against debtor Stephen Lee Horne in a state court suit. The basis of the judgment against debtor Stephen Horne was a charge of driving while intoxicated in which the debtor did personal injury to plaintiff. The jury award also included an award for punitive damages on a charge by the judge which narrowed consideration for punitive damages to whether defendant "evidenced an intent to cause damages and to the plaintiff an entire lack of care or a conscious disregard for the consequences in operating his motor vehicle so as to proximately cause the collision in this case." Because this Court finds that the jury's award against defendant Stephen Horne is congruent with the test for willful and malicious injury pursuant to Bankruptcy Code § 523(a)(6), this Court GRANTS plaintiff's motion for summary judgment against defendant Stephen Horne. Defendant Horne's debt to the plaintiff is nondischargeable.

## FINDINGS OF FACT

1. In February 1984 a Cobb Superior Court jury granted judgment to plaintiff Roy F. Johnson against Stephen Lee Horne and his father Phillip W. Horne.

2. The jury had found that Stephen Lee Horne had caused injury to plaintiff as a result of driving while intoxicated.

3. The award against Phillip W. Horne was based on vicarious liability under the Family Purpose Doctrine.

4. The award to plaintiff included an award for punitive damages. The charge to the jury by the Superior Court judge on the issue of punitive damages was the following:

I charge you that you would only be authorized to include in your verdict any on account of punitive damages if you should find by a preponderance of the evidence that the defendant, Stephen Horne, evidenced an intent to cause damages and to the plaintiff and an entire lack of care or a conscious disregard of the consequences in operating his motor vehicle so as to proximately cause the collision in this case.

5. On June 7, 1984 Stephen Lee Horne filed for bankruptcy relief under Chapter 7.

6. On September 19, 1984 the instant adversary proceeding was filed to determine the dischargeability of the debt.

7. On October 25, 1984 plaintiff filed a motion for summary judgment.

8. On November 9, 1984 defendant responded to plaintiff's motion and filed a cross-motion for summary judgment.

## DISCUSSION

Plaintiff has contended that defendant Stephen Horne's debt is nondischargeable

under § 523(a)(6). Further, plaintiff has argued that this Court should not relitigate the judgment of the state court, but rather, should find the Cobb County jury verdict binding. As to the issue of whether the injury to the plaintiff was willful and malicious under the bankruptcy standard, this Court finds in the affirmative. A decision by a Bankruptcy Judge in the Middle District of Georgia was affirmed by the Eleventh Circuit in a similar situation. *Brawner v. Askew (In re Askew)*, 22 B.R. 641, Bkrtcy.MD GA, 1982), *affirmed*, 705 F.2d 469 (CA 11, 1983). *In Askew* defendant debtor was found to have veered off the road and struck the plaintiff while driving under the influence of alcohol. The plaintiff in *Askew* was awarded punitive damages. The *Askew* Bankruptcy Court examined the meaning of the statutory language of § 523(a)(6) in the context of a driver driving while intoxicated:

> Defendant contends that in the exception from discharge in 11 U.S.C. § 523(a)(6) "for willful and malicious injury by the debtor to another entity or to the property of another entity," that "willful" means deliberate and intentional. If deliberate and intentional means that the Defendant must have formulated in his mind an intent to veer off the highway and strike Plaintiff and having so formulated such intent he deliberately took aim at her and drove the automobile into her after having taken aim, then this construction is rejected.

*Id.* at 642. The *Askew* Bankruptcy Court further analogized to both a Supreme Court and Fifth Circuit decision for support, *Tinker v. Colwell*, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904); *Vickers v. Home Indemnity Company. (In re Vickers)*, 546 F.2d 1149 (CA 5, 1977).

In the instant circumstances defendant-debtor Stephen Horne had a judgment returned against him for personal injuries caused for driving while intoxicated. Additionally, the state court jury granted the plaintiff an award of punitive damages against defendant-debtor Stephen Horne. As in *Askew, supra* and *Jackson v. Willis (In re Willis)*, 2 B.R. 566 (Bkrtcy.MD GA,

1980), where the judgment included an award of punitive damages, this Court finds that the state court judgment is congruent with the requirements of the Bankruptcy Code under § 523(a)(6) and that the defendant is estopped from relitigating the state court judgment in this Court.

Plaintiff's motion for summary judgment is GRANTED. Defendant's cross motion is DENIED.

IT IS SO ORDERED.