PER CURIAM.
This appeal arises from an order of the Judge of Compensation Claims (hereinafter “JCC”) finding claimant’s injury to be com-pensable under Florida Workers’ Compensation law. We reverse because we find that claimant’s injury did not arise out of and in the course and scope of his employment.
On May 9, 1993, claimant Steven Robbins severely injured himself when he thrust his hand through the security window of an exit door. Immediately prior to the incident which caused his injuries, claimant was called into his supervisor’s office and fired because of unsatisfactory work. Several witnesses testified that claimant then yelled some profanities, ripped open the office door, punched a wall, and headed for the rear exit door. As claimant exited, he pushed hard with an open hand on the security glass of the rear door, causing it to shatter. The window was approximately 18 inches square and comprised of wire mesh encased by layers of glass. Claimant suffered serious injuries to his left hand and forearm requiring extensive medical care, including several skin grafts.
Claimant filed a claim for temporary partial disability benefits and payment of all medical bills. The employer, 391st Bomb Group Restaurant, and its carrier, CNA Insurance, (hereinafter “E/C”) controverted the claims, asserting, inter alia, that claimant’s injuries were due to his own misconduct and not related to any work-related activity or *1202 accident. Following a hearing on the matter, the JCC found, inter alia, that claimant had broken the glass while upset and angry over his firing. However, the JCC also found that claimant had “no willful intention ... to injure himself’ and, therefore, was not precluded from compensation. This appeal followed.
Section 440.09(1), Florida Statutes (1993), states in part that “fclompensation shall be payable under this chapter in respect of disability or death of an employee if the disability or death results from an injury arising out of and in the course of employment.” However, subsection (3) states that “[n]o compensation shall be payable if the injury was occasioned primarily by ... the willful intention of the employee to injure or kill himself, herself or another.” When read together, the substantive language of these subsections allows compensation benefits if disability or death results from an injury arising out of and in the course of employment, provided the injury was not willfully and intentionally inflicted. Where the injury is caused by the willful intent of the employee to injure himself or another, the injury cannot be said to have been arising out of and in the course and scope of employment. Tucker Taxi, Inc. v. Schofield, 107 So.2d 188, 191 (Fla. 1st DCA 1958) (benefits denied where employee’s death was occasioned primarily by his willful intention to injure his superior in a fight). In Tucker Taxi, 107 So.2d at 191, we interpreted then current section 440.09(3), stating:
It is generally held, apart from the express statutory defenses provided by our statute, that the aggressor in an admittedly work-connected fight cannot recover compensation. Our statute does little if anything more than to reiterate the rule of the case law to the effect that a subordinate employee engaged in aggression against his superior thereby performs no service and no duty for his employer, and the hazard that such subordinate employee may receive injury from his own acts of aggression against his superior are not a risk of his employment and, therefore, do not arise “out of’ and “in the course of’ his employment.
Pivotal in the denial of compensation in Tucker Taxi was the court’s holding that the employee’s deliberate acts of aggression were tantamount to a willful intent to injure apart from instinct or impulse. The term “intention” as used in the statute was defined as an act that is premeditated and deliberate. Tucker Taxi, 107 So.2d at 191.
Here, the JCC found that claimant “pushed hard ... on the plate glass of the rear door causing [it] to shatter” and that he was “upset” and “angry over his termination when he broke the glass.” As in Tucker Taxi, we hold that these findings are tantamount to willful intention to injure so as to be outside the course and scope of his employment. We find little difference between an employee who is injured while attempting to injure a superior in a fight in which he was the aggressor and an employee who is injured by willfully striking an inanimate object of the employer in anger, an object which obviously presented a danger of injury.
Even were we to find that claimant’s injuries resulted from an impulsive act, we would reject benefits under section 440.09, Florida Statutes. Although a distinction between willful acts and acts of instinct or impulse was mentioned in Tucker Taxi, we could find no Florida case expounding it. As such, we adopt the holding of Relish v. Hobbs in which the Louisiana Court of Appeal stated:
“The test (of wilful intent to injure) should involve an inquiry into (1) the existence of some premeditation and malice ..., coupled with (2) a reasonable expectation of bringing about real injury to himself or another.” This clearly means that wilfulness, as distinguished from impulsiveness, is not the sole test. Every impulsive act is not condoned by the statute. Some acts, even though impulsive, are so serious and so likely to result in real injury, that they must be construed to show a wilful intent to injure.
Relish v. Hobbs, 188 So.2d 479, 482 (quoting Velotta v. Liberty Mutual Ins. Co., 241 La. 814, 132 So.2d 51 (1961)). Here, we find that claimant’s act, even if impulsive, was so seri *1203 ous and so likely to result in real injury that it must be construed to show willful intent.
We REVERSE.
BOOTH, JOANOS and MINER, JJ., concur.