WOLF, J.
This appeal arises from an order of the Judge of Compensation Claims (JCC) finding the claimant’s two separate work related accidents to be compensable under Florida’s Workers’ Compensation law. We affirm the JCC’s order as to the first accident; however, we reverse as to the second accident because we find that the JCC applied the incorrect legal standard in determining that the claimant’s injury arose out of the scope of his employment.
On June 28, 2002, the claimant was injured following a physical altercation with a co-worker over the use of an extension cord. During the incident, the co-worker attacked the claimant with a hammer which caused the claimant to fall backwards and hit his right hand against a steel tool trailer causing injury. In addition, the claimant testified that following the altercation he discussed the incident with a supervisor in a trailer (the fight happened outside the trailer) and was told to leave the job site. At this point, out of anger over being sent away when he was not the aggressor, the claimant stated he struck a table in the trailer. However, conflicting testimony offered by the employer, Restoration Technology, and its carrier, CNA Insurance (E/C), through a safety consultant indicated that the claimant struck the steel trailer with his fist immediately following the altercation, out of anger. The claimant sought emergency medical care and was treated for a “boxers’ fracture” of his pinky. The treatment consisted of placing the claimant’s finger in a cast for 8 weeks.
Following his recovery, the claimant filed a claim for temporary partial disability benefits; payment of all medical bills; and payment of in-home care during the recovery period. The E/C controverted the claims asserting that the claimant’s injuries were due to his own misconduct and not related to any work-related activity or accident. Following a hearing on the matter, the JCC found that the claimant’s injuries were not wilfully inflicted, even if *1189 he punched an object in anger, because he was not the aggressor in the argument. This appeal followed.
An employee is entitled to workers’ compensation benefits for an injury arising out of an altercation with a coworker where (1) the claimant’s injury results from the co-worker’s unprovoked aggression; (2) the claimant’s work brings him or her into close proximity with the aggressive co-worker; and (3) the object causing injury was an “implement of the employment.” See Spleen v. Rogers Group, Inc., 548 So.2d 740 (Fla. 1st DCA 1989). However, sections 440.09(1) and (3), Florida Statutes (2002), do not authorize workers’ compensation benefits where an employee suffers an accidental injury arising out of his or her employment which was caused through the employee’s willful intent to injure himself or another. A willful act is one that involves (1) the existence of some premeditation or malice and (2) a reasonable expectation of bringing about real injury to ones’ self or another. See 391st Bomb Group v. Robbins, 654 So.2d 1200, 1202 (Fla. 1st DCA 1995) (holding that a claimant was not entitled to workers’ compensation benefits for injuries sustained when he punched a window after being terminated from his employment with the employer, where the act was so wanton as to amount to a willful intent to injure ones’ self). Further, some acts, including the act of punching an object out of anger, even though impulsive, must be construed as willful where the act is likely to cause injury. Id.
Like the claimant in 391st Bomb Group, this claimant caused injury to himself by actively punching a table out of anger immediately after being told to leave a job site. The claimant’s act occurred after a temporal break and a change in location, not during the fight. In its order awarding the claimant benefits for the June 28, 2002, incident, the JCC discusses the holding in 391st Bomb Group and states in pertinent part:
25. I have reviewed the case of Bomb Group and CNA v. Robbins, it is distinguishable from the case at hand. The injury in this case is due to the aggression of a coworker. In Bomb Group, the claimant was fired for unsatisfactory work and he as the aggressor punched a window causing his injuries. He was labeled as the aggressor. In addition based on the evidence provided I do not find any willful intent to injure based on the claimant’s testimony and/or actions.
The JCC’s attempt to distinguish the holding in 391st Bomb Group from the case at hand -is unpersuasive. In 391st Bomb Group, we stated:
[Tjhese findings are tantamount to willful intention to injure so as to be outside the course and scope of his employment. We find little difference between an employee who is injured while attempting to injure a superior in a fight in which he was the aggressor and an employee who is injured by willfully striking an inanimate object of the employer in anger, an object which obviously presented a danger of injury.
Id. at 1202. However, we also provided:
Even were we to find that claimant’s injuries resulted from an impulsive act, we would reject benefits under section 440.09, Florida Statutes.... [W]e adopt the holding of Relish v. Hobbs in which the Louisiana Court of Appeal stated: “The test (of wilful intent to injure) should involve an inquiry into (1) the existence of some premeditation and malice ..., coupled -with (2) a reasonable expectation of bringing about real injury to himself or another.” This clearly means that wilfulness, as distinguished from impulsiveness, is not the sole test. Every impulsive act is not condoned by *1190 the statute. Some acts, even though impulsive, are so serious and so likely to result in real injury, that they must be construed to show a wilful intent to injure. Relish v. Hobbs, 188 So.2d 479, 482 [ (La.App. 3 Cir.1966) ] (quoting Velotta v. Liberty Mutual Ins. Co., 241 La. 814, 132 So.2d 51 (1961)). Here, we find that claimant’s act, even if impulsive, was so serious and so likely to result in real injury that it must be construed to show willful intent.

Id.

When applied to the facts of the instant case, the holding in 391st Bomb Group mandates reversal for two reasons. First, evidence presented in the instant case suggests that if the injury was caused by the claimant’s subsequent independent act of punching a table out of frustration over being told to leave the job site, the claimant was responding in an aggressive manner to his supervisor’s command and the claimant, as the aggressor, would not be entitled to benefits where the act of aggression amounted to a willful intent to injure ones’ self. See id. Second, even if the JCC was correct in its finding that the claimant’s injuries were the result of an altercation with a co-worker in which the claimant was not an aggressor, the injury would still remain uncompensable. Specifically, the act of punching a hard object, even though impulsive, “was so serious and so likely to result in real injury that it must be construed to show willful intent.” Id. at 1202-03.
Although not discussed in the JCC’s Merits Order, unrefuted record evidence, including depositions offered by two medical experts, supports a finding that the claimant’s fractured finger and subsequent need for in-home care were a direct result of his actively punching a hard object. As such, we reverse the JCC’s order as to the June 28, 2002, incident where no competent substantial evidence exists to support an award of workers’ compensation benefits for the claimant’s boxers’ fracture of his pinky.
AFFIRMED in part, REVERSED in part, and REMANDED.
KAHN, C.J., and BENTON, J., concur.